**Aurweid George REICKAUER, Appellant,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Appellee.**

**Aurweid George REICKAUER, Appellant,**

v.

**C. C. PEYTON, Reno S. Harp, III and Curtis R. Mann, Appellees.**

**Nos. 9777, 9778.**

United States Court of Appeals
Fourth Circuit.

Argued June 1, 1965.

Decided Oct. 12, 1965.

tences were imposed. Since there was one continuous course of conduct, he contends that, under Virginia law, particularly § 19.1–259 of the Code of Virginia (1950) as amended, there could properly have been only one conviction and one sentence.

Court appointed counsel has developed the contention very interestingly, but it is not now properly before us because it has never heretofore been presented to any court. It is a question of state law which makes peculiarly applicable the doctrine that a federal court will not consider a state prisoner's petition for habeas corpus on the merits until available state remedies have been exhausted. Appropriate remedies are available in Virginia's state courts. Since there has been no resort to them, the District Court's dismissal of the petition cannot be challenged on this ground.

We have considered all of the additional points advanced by the prisoner on his own behalf, which were fully considered by the District Court, but find no merit in any of them.

Affirmed.

Arthur S. Maris, Richmond, Va. (Court-assigned counsel), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and STERLING HUTCHESON, District Judge.

PER CURIAM.

The appellant in this habeas corpus proceeding attacked his Virginia convictions for breaking and entering in the nighttime with intent to commit grand larceny and for grand larceny. On appeal from an order dismissing the petition after a hearing, he advances for the first time the contention that, under the law of Virginia, he was improperly convicted of both offenses upon which consecutive sen-