**Lloyd Lee HILL, Petitioner,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–61–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

July 31, 1967.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

No counsel for petitioner.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Lloyd Lee Hill, a state prisoner pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*.

Petitioner is currently serving a term of forty years in the Virginia State Penitentiary pursuant to his convictions for first degree murder and armed robbery in the Circuit Court of Grayson County on June 13, 1957. Both sentences were ordered to be served concurrently.

Petitioner did not appeal his convictions. He sought state habeas corpus relief which was denied on July 7, 1966, after a plenary hearing before the Circuit Court of Grayson County. On April 26, 1967, the Virginia Supreme Court denied petitioner's writ of error to this judgment. Petitioner is properly before this court, having exhausted his presently available state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

In March, 1957, petitioner was arrested in Ohio and extradited to Virginia for the murder and robbery of one John Ward. Petitioner was then indicted for both offenses. Upon his indictment the court, referring to § 16.1–175 of Code of Virginia (1950),[1] ordered the Superintendent of the Southwestern State Hospital, Marion, Virginia to make a full and complete investigation of the physical, mental and social conditions and personality of petitioner since petitioner was six-

---

1. § 16.1–175 of the Code of Va. (1950) states:

    If during the pendency of a criminal or quasi-criminal proceeding against any person in any other court it shall be ascertained that the person was under the age of eighteen years at the time of committing the alleged offense, such court shall forthwith transfer the case, together with all papers, documents and evidence connected therewith, to the juvenile court of the city or county having jurisdiction, provided if such is pending in a court of record, the judge thereof, in his discretion upon completion of an in-

    vestigation as prescribed in § 16.1–176 (b), may continue with the trial thereof. § 16.1–176(b) as in effect at the time of the trial states: "In all cases under this section the court shall, unless such information is otherwise available to it from a prior investigation and report to another court, require an investigation of the physical, mental and social conditions and personality of the child or minor and the facts and circumstances surrounding the violation of the law which is the cause of his being before the court."

teen years of age at the time of each offense. The court further ordered the Superintendent of the Grayson County Welfare Department, Grayson County, Virginia and the Probation Officer of the Circuit Court of Grayson County, Virginia to make the same investigation. Petitioner was removed to the Southwestern State Hospital where he was given a thorough mental examination and found to be not insane. Investigations were also made by the two other officials as ordered. On April 1, 1957, the court appointed two attorneys to represent petitioner. On June 10, 1957, the court, after examining the report rendered by each official and the facts and circumstances of the case decided that petitioner should be tried as an adult in the Circuit Court of Grayson County rather than as a juvenile in the Juvenile Court.

It appears from the record that petitioner had a juvenile hearing in Ohio before he was extradited to Virginia. Petitioner's parents were not only present at that hearing but had been contacted about the case by petitioner's lawyers both by letter and personal visit before petitioner's trial. Petitioner on the advice of counsel waived trial by jury and was tried to the court without a jury on June 10, 1957, for each offense. Petitioner was advised of his rights by the court and as a result of consultation with his attorneys, and a telephone conversation with his mother on June 9, 1957, petitioner pleaded guilty. The court accepted petitioner's plea and continued the case until June 13, 1957 at which time he was sentenced to forty years for each offense, the sentences to run concurrently. Petitioner's parents did not appear in court with him until June 13, 1957, the day he was sentenced.

Petitioner alleges the following as his grounds for habeas corpus relief:

1. Petitioner contends that the court failed to comply with § 16.1–164, § 16.1–166 and § 16.1–172 of the Code of Virginia (1950) in that his parents were not present during the hearing on June 10, 1957.

2. Petitioner contends that no petition was authorized or directed as set forth in § 16.1–164 of the Code of Virginia (1950).

3. Petitioner contends that he was not given a hearing before the Juvenile Court as prescribed by § 16.1–140 et sequi of Code of Virginia (1950).

■ At the state habeas corpus proceeding petitioner's attorneys were asked by the court if petitioner intended to abandon all of his grounds for habeas corpus relief except the grounds that petitioner was denied a juvenile hearing as allegedly required by state law. Petitioner's counsel, with the concurrence of petitioner, replied affirmatively stating that petitioner's sole claim in the state habeas corpus proceeding would be that petitioner was denied a juvenile hearing. Therefore, petitioner's claims that no petition was directed as required by state law and that his parents were not present at his hearing in violation of state law raise new questions that have not yet been presented to the courts to be heard. Under these circumstances the petitioner has not exhausted his state remedies as to each question and as a result this court will consider neither of them. On this point the court in Reickauer v. Peyton, 351 F.2d 612, 613 (4th Cir. 1965) said:

> Court appointed counsel has developed the contention very interestingly, but it is not now properly before us because it has never heretofore been presented to any court. It is a question of state law which makes peculiarly applicable the doctrine that a federal court will not consider a state prisoner's petition for habeas corpus on the merits until available state remedies have been exhausted. Appropriate remedies are available in Virginia's state courts. Since there has been no resort to them, the District Court's dismissal of the petition cannot be challenged on this ground."

■ However, as to the third grounds that he was denied a juvenile hearing in violation of state law, peti-

tioner is properly before this court having presented that question both in the trial court and the Supreme Court of Appeals by way of habeas corpus. Nevertheless, he cannot obtain federal habeas corpus relief here because he has not raised any federal questions. Petitioner did not challenge the validity of any of the applicable provisions. He only asserted that the court denied him a juvenile hearing in violation of state law. Absent a federal question this court will not engage in the interpretation of state law. As stated in Grundler v. State of North Carolina, 283 F.2d 798, 802 (4th Cir. 1960): "Even if we were to disagree, we could not intervene by habeas corpus, when the alleged errors are of a character that cannot reasonably be said to involve a deprivation of constitutional rights."

Therefore, it is hereby adjudged and ordered that the petition for writ of habeas corpus be, and the same is hereby denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.