**Noah William WADE, Appellee,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellant.**

**No. 11110.**

United States Court of Appeals
Fourth Circuit.

Argued April 3, 1967.

Decided May 29, 1967.

**PER CURIAM:**

We think the writ of habeas corpus was improvidently granted by the District Court, for available state remedies are unexhausted.

In 1952 Wade was convicted of the murder of a fellow prisoner in the Virginia State Penitentiary. He was represented at the trial by a competent, court-assigned lawyer, who, ten years later, died. There was no appeal.

In 1966, fourteen years after the trial and four years after the death of his lawyer, Wade for the first time contended in the District Court that within two weeks after his trial he had twice written his lawyer about an appeal, but had received no answer. No such claim had been made in petitions filed in the state courts during and after the lifetime of the lawyer. The District Court, though disbelieving Wade's other testimonial assertions, accepted this one as uncontradicted.[1]

The District Court was misled by the commendable waiver at the hearing by Virginia's Assistant Attorney General of any objection to the fact that the claim regarding the appeal was not alleged in the petition, accompanied by an apparent concession that the issue had been raised in the state courts. The concession was incidental to an assertion that the point had not been raised in the District Court. It had not been mentioned in the petition, and our examination of the state court petitions discloses that it had never been raised, explicitly or inferentially, there. The non-exhaustion defense should be raised in the District Court, but when the primary claim was not even alleged in the petition, failure of the Attorney General to assert that defense should not impede our requisite and appropriate deference to the state courts. Duffield v. Peyton,

———◆———

Reno S. Harp, III, Asst. Atty. Gen., of Va. (Robert Y. Button, Atty. Gen., of Va., on brief) for appellant.

Thomas L. Hicks, Jr., Richmond, Va. (Court-assigned counsel) for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

1. Acceptance of this testimonial claim, of course, was permissible by the District Judge, within whose discretion resides the resolution of factual issues of credibility and evidentiary conflicts. It was far from required in light of its belated assertion after testimonial contradiction had been rendered impossible by the death of the lawyer, of which Wade was only then aware. Wade testified that he was unaware of the death of his lawyer until after the disposition of his last state court petition in 1965.

4 Cir., 352 F.2d 802; Thomas v. Commonwealth of Virginia, 4 Cir., 357 F.2d 87; Reickauer v. Peyton, 4 Cir., 351 F. 2d 612.

Because available state court remedies have not been exhausted, the grant of the writ is reversed.

Reversed.