**Linver JENKINS, Appellant,**

v.

**Preston L. FITZBERGER, Warden,
Appellee.**

**No. 15254.**

United States Court of Appeals,
Fourth Circuit.

April 16, 1971.

Linver Jenkins, pro se.

Francis B. Burch, Atty. Gen., for appellee.

Before BRYAN, WINTER, and CRAVEN, Circuit Judges.

PER CURIAM:

Jenkins filed a petition for habeas corpus alleging a number of grounds for relief. One of the grounds, that there was insufficient evidence to support the conviction, was raised on direct appeal to the Maryland Court of Special Appeals. The district court dismissed this claim on the merits. A review of the trial transcript convinces us that the district court was clearly correct in determining that the record is not "so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the

Fourteenth Amendment," Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), and we affirm the dismissal of this claim.

■ None of the other claims raised by Jenkins in his petition were raised on direct appeal. Nor did Jenkins raise any of them in an action under the Maryland Post Conviction Procedure Act. The district court dismissed these claims for failure to meet the exhaustion of available state remedies requirement of 28 U.S.C. § 2254.[1] Although it appears that Jenkins did not present these claims to the state appellate courts and that procedures were available for him to do so, we feel the district court should have dealt with Jenkins' claims on the merits.

While noting that Jenkins had not exhausted his state court remedies, the answer filed by the Maryland Attorney General expressly requested that the district court reach the merits:

"4. Notwithstanding the fact that Petitioner has never raised his contentions by way of post-conviction proceedings, and thus has failed to exhaust his state remedies, and that he has not utilized the avenue of appeal which is available to him under that mode of collateral attack, this Court should dismiss the instant proceedings with prejudice, since each of the contentions raised by the Petitioner

\* \* \* are obviously patently frivolous and no useful purpose can be served by requiring the Petitioner to first exhaust his state remedies, particularly in light of the fact here that Petitioner's present sentences have expired and continuing litigation as to the instant proceedings would be purposeless."

■■ Since the exhaustion requirement of 28 U.S.C. § 2254 "is not a jurisdictional concept but simply a flexible matter of comity," Williams v. Coiner, 392 F.2d 210, 213 n. 2 (4th Cir. 1968), we think the federal courts may in the interest of justice and expedition accept waiver of exhaustion by the state. Kelly v. North Carolina, 276 F.Supp. 200, 205 (E.D.N.C. 1967). Cf. Brown v. Fogel, 387 F.2d 692 (4th Cir. 1967); United States ex rel. Boyance v. Myers, 372 F.2d 111 (3rd Cir. 1967); Warren v. Connor, 365 F.2d 590 (5th Cir. 1966); Tolg v. Grimes, 355 F.2d 92 (5th Cir. 1966).[2] Concluding that there is no substantive merit to any of Jenkins' claims, the state, through its lawyer, the Attorney General, has clearly made that choice here and for good reason. A dismissal on the merits may prevent the possibility that the state would be required to answer a new petition in the state courts and a subsequent one in the federal courts. We think the court's dismissal for failure to exhaust places an unnecessary burden on both the petitioner and the State of Maryland.

1. Jenkins did raise at least some of these claims by way of habeas corpus in the state courts. Since the denial of a writ of habeas corpus by a Maryland trial court is not normally appealable, and since the Maryland Post Conviction Procedure Act does provide for appeal, an action for state habeas is not sufficient to exhaust available state court remedies in Maryland.

2. We do not think that Wade v. Peyton, 4 Cir., 378 F.2d 50 (1967), stands for the proposition that the district court cannot accept an express waiver by state's Attorney General. Contra, Crawford v. Cox, 307 F.Supp. 732, 736–737 (W.D.Va. 1969). *Wade* involved a claim that was

raised for the first time at the hearing in the district court. In its waiver of any objection to the fact that the claim was not specified in the petition, the state apparently conceded that the issue had been presented to the state courts. On appeal it was discovered that the issue had not been raised in the state courts. The opinion implies that the failure to raise the exhaustion requirement in the district court will normally preclude its being considered on appeal, see Brown v. Fogel, 387 F.2d 692 (4th Cir. 1967), but that since the substantive claim was not mentioned in the petition, the state's failure to raise the defense below would not preclude its objection on appeal.

Accordingly, that portion of the district court's order dismissing the petition for failure to exhaust is reversed and the case is remanded to the district court for consideration on the merits.