**William Murphy FOYE, Petitioner,**

**v.**

**Donald BORDENKIRCHER, Respondent.**

Civ. A. No. 80–0472–E(H).

United States District Court,
N. D. West Virginia,
Elkins Division.

April 9, 1982.

William Murphy Foye, Jr., pro se.

Chauncey H. Browning, Jr., Atty. Gen. of W.Va., Charleston, W.Va., for respondent.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

The Petitioner, an inmate at the West Virginia Penitentiary, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In support of his petition, the Petitioner claims that he was denied due process of law when the West Virginia Supreme Court of Appeals refused to consider his petition for a rehearing. For the reasons set out below, this Court hereby grants Respondent's motion to dismiss and denies Petitioner's petition for a writ of habeas corpus.

### I. *Exhaustion of State Remedies*

In ¶ 3 of his answer, the "Respondent waives the exhaustion requirement as to the issue raised in the petition ...." In the interest of justice and expedition, this Court hereby accepts the Respondent's waiver of the exhaustion requirement and will proceed to consider the merits of the petition. *See Jenkins v. Fitzberger*, 440 F.2d 1188 (4th Cir. 1971). *But cf. United States ex rel. Trantino v. Hatrack*, 563 F.2d 86 (3rd Cir.) *cert. denied* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1977); *United States ex rel. Sostre v. Festa*, 513 F.2d 1313 (2nd Cir.) *cert. denied*, 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975).

### II. *Background*

On November 16, 1979, the Petitioner was convicted for armed robbery in the Circuit Court of Kanawha County, West Virginia, and received a forty year prison sentence.[1] Subsequent to his conviction, the Petitioner, through his counsel, filed before the West Virginia Supreme Court of Appeals a timely[2] petition for a writ of error.[3] On September 15, 1980, the West Virginia Su-

preme Court of Appeals denied the petition for a writ of error and upheld the Petitioner's conviction.[4] On October 9, 1980, the Petitioner filed a pro se petition for a rehearing before the West Virginia Supreme Court of Appeals.[5] By letter dated October 20, 1980, the Clerk of the West Virginia Supreme Court of Appeals notified the Petitioner that:

> "The Court does not entertain petitions for rehearing in cases where it has denied a petition for a writ of error and the appeal period has expired."[6]

In the case at bar, the Petitioner does not raise the grounds which he raised before the West Virginia Supreme Court of Appeals. Rather, the Petitioner's sole contention in this Section 2254 action is that he has been deprived of his liberty without due process of law by virtue of the West Virginia Supreme Court of Appeals' refusal to consider his petition for a rehearing, filed October 9, 1980.

### III. *Right to Appeal*

The Supreme Court has held that the federal constitution does not require that a criminal defendant be provided an appeal from his conviction. *See United States v. MacCollom*, 426 U.S. 317, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976); *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). Once a state provides the right to appeal, however, it cannot hinder a criminal defendant's attempt to exercise that right. *Dowd v. Cook*, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951).

In West Virginia, a criminal defendant is not entitled to a writ of error as a matter of right. Rather, West Virginia's constitution[7] and statutory law[8] only creates an absolute right to merely apply for an appeal. *State v. Legg*, 151 W.Va. 401, 404–05, 151 S.E.2d 215, 218 (1966). *See also Carrico v. Griffith*, 272 S.E.2d 235, 239 (W.Va.1980);

1. Petition ¶¶ 1–4.
2. *W.Va.Code*, § 58–5–4.
3. Petitioner's Exhibits A & B.
4. Petition ¶ 9.
5. Petition ¶ 12A.
6. · Petitioner's Exhibit C.
7. *W.Va.Const.*, Art. VIII, § 3.
8. *W.Va.Code*, § 58–5–1, *et seq.*

*State v. Eden*, 256 S.E.2d 868, 875 n.14 (W.Va.1979); *Asbury v. Mohn*, 256 S.E.2d 547, 548 (W.Va.1979). In the case at bar, the Petitioner's right to merely apply for an appeal was not abridged as is evidenced by the fact that the West Virginia Supreme Court of Appeals considered and denied his petition for a writ of error on September 15, 1980.

### IV. *Rehearing*

The Petitioner's petition for rehearing, while timely under *Rule* 24(a), West Virginia Rules of Appellate Procedure, was filed after the expiration of the eight month appeal period. *Cf. State ex rel. Johnson v. McKenzie*, 226 S.E.2d 721 (W.Va.1976) (holding that *W.Va.Code*, § 58–5–4's eight month appeal period is mandatory and jurisdictional). The West Virginia Supreme Court of Appeals has decided that it will "not entertain petitions for rehearing in cases where it has denied a petition for a writ of error and the appeal period has expired." [9] The uniform application of this rule does not violate the Petitioner's rights under the Fourteenth Amendment.[10] Accordingly, this Court finds that the Petitioner has not stated adequate grounds for obtaining federal habeas corpus relief.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record and to the Petitioner.

**9.** Petitioner's Exhibit C.

**10.** The Petitioner has made no allegation that the West Virginia Supreme Court of Appeals has applied this rule in a discriminatory manner.