**Donald Lee HARDING, Appellant,**

v.

**STATE OF NORTH CAROLINA,
Appellee.**

No. 81–6878.

United States Court of Appeals,
Fourth Circuit.

Argued March 30, 1982.

Decided July 20, 1982.

William A. Reppy, Jr., Durham, N. C., Legal Research Program, Duke Law School, Michael Dalton and Thomas Eving, Third Year Law Students for appellant.

Barry S. McNeill, Asst. Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten Atty. Gen. of N. C., Richard N. League, Sp. Deputy Atty. Gen., Raleigh, N. C., on brief), for appellee.

Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

North Carolina inmate Donald Lee Harding appeals a district court judgment denying relief on his habeas petition filed under 28 U.S.C. § 2254. The district court found that Harding had not exhausted available state remedies on two of the four claims raised in his habeas petition, but nevertheless addressed and decided all of the claims against petitioner on their merits. The State of North Carolina maintains that the court properly decided the merits of each claim because, relying on our decision in *Jenkins v. Fitzberger*, 440 F.2d 1188 (4th Cir. 1971) (per curiam), it had "conditionally waived" the exhaustion requirement of the habeas statute. Concluding that this conditional waiver cannot properly be accepted by a federal habeas court under 28 U.S.C. § 2254, we find that the district court was presented with a "mixed peti-

tion" which, under *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), required dismissal for failure to exhaust all claims.

I

In February of 1976 a jury convicted Harding in the Superior Court of Iredell County, North Carolina, of three counts of first degree murder. On direct appeal the North Carolina Supreme Court affirmed the convictions but vacated Harding's death sentences, substituting sentences of life imprisonment in their stead. *State v. Harding*, 291 N.C. 223, 230 S.E.2d 397 (1976).

Harding sought post-conviction relief in the Superior Court on three separate occasions. All three petitions, each of which contained multiple claims, were summarily denied. Harding unsuccessfully petitioned the North Carolina Court of Appeals to grant certiorari to review the denial of over twenty of the claims raised in his first post-conviction petition. He did not seek review of any of the claims raised in either of his other two post-conviction petitions.

On April 10, 1979, Harding filed his habeas petition in federal court urging four distinct claims.[1] The petition did not clearly indicate whether he had attempted to exhaust the available state remedies as to each of the four. The state's answer acknowledged that Harding had fully exhausted three of these four claims by including them in his petition to the North Carolina Court of Appeals but noted that Harding had not similarly sought review of the fourth claim alleging a denial of the constitutional right to effective trial coun-

sel. Nevertheless, the state asked the district court to "adjudicate this contention only to the extent it finds it without merit as a matter of law, *Jenkins v. Fitzberger*, 440 F.2d 1188 (4th Cir. 1971), in which case it should dismiss it on substantive grounds as well."

The district court subsequently determined that Harding had petitioned for state post-conviction review of only two rather than three of the claims as the state had alleged. The court then specifically found that Harding had not exhausted his state remedies as to these last two claims nor shown the absence of an available state corrective process.[2] Nevertheless the court, citing *Jenkins*, decided to consider all four of Harding's claims on the merits. The court proceeded to do so with great care, denying each, and Harding appealed.

II

After the submission of briefs in this case, and of course well after entry of the district court's judgment, the Supreme Court decided *Rose v. Lundy, supra*, holding that, contrary to the practice permitted in this and other circuits, a district court must dismiss *in toto* habeas petitions containing both unexhausted and exhausted claims. Although the district court here specifically found that Harding attempted exhaustion of only two of the four claims in his petition, the state contends that because of the state's "conditional waiver" of the exhaustion requirement, the two unexhausted claims do not make the instant petition a "mixed" one and that we can therefore review the dismissal of Harding's claims on the merits.[3] We disagree.

---

1. The four specific contentions involved 1) the denial of a probable cause hearing; 2) a double jeopardy claim; 3) allegations of the withholding of evidence favorable to the defense; and 4) the denial of effective assistance of counsel.

2. Although both parties agree that the district court correctly found that Harding fully exhausted at least two claims by presenting them in his certiorari petition to the North Carolina Court of Appeals, it appears that Harding might have been able to file a further petition for a writ of certiorari with the North Carolina Supreme Court. *See Strader v. Allsbrook*, 656

F.2d 67, 67–68 (4th Cir. 1981) (per curiam). Because recent changes in North Carolina law cloud the issue and because our disapproval of the "conditional waiver" practice prevents review on the merits of any of Harding's claims, we do not here decide whether the district court was correct in finding those two claims exhausted.

3. Harding also contends, for a very different reason, that all four of his claims should be considered exhausted. He urges us to hold that a petition for writ of certiorari on his unexhausted claims would necessarily have

Preliminarily, the state appears to have erroneously conceded in its answer to Harding's petition that Harding had fully exhausted all but his final claim and then to have "conditionally waived" the exhaustion requirement as to only that final claim. We have already held that an erroneous concession will not be recognized as a waiver under *Jenkins*. *See Strader v. Allsbrook*, 656 F.2d at 68. If Harding's unexhausted third claim was therefore not waived in *any* manner, its non-exhaustion, standing alone, would require dismissal of the petition under *Rose*. If, however, as the state urges, the district court did accept the "conditional waiver" of the exhaustion requirement as to both Harding's third and fourth claims, we find such a waiver improper so that on this basis also there would be a failure of exhaustion of all the claims requiring dismissal under 28 U.S.C. § 2254(b).

■ Because the district court found Harding's claims to be without merit, the full scope of the state's "conditional waiver" procedure has not been run out in this case. Its full workings are, however, obvious. It submits an unexhausted habeas claim for federal court resolution but only upon the condition that the resolution be favorable to the state. The right is reserved to require exhaustion of state remedies rather than suffer an unfavorable federal resolution on the merits. We do not think this comports with the intention of § 2254 nor with fundamental comity principles and we disapprove its further use.

Resolution of *pro se* petitions, as all federal courts are painfully aware under current conditions, can be difficult and time consuming. Full hearings may be required though exhaustion has been only "conditionally" waived. If after considering a claim a district court is disposed to find it meritorious, we are assured by the state that it would seek dismissal under its reserved right to require exhaustion of state remedies. Indeed, we are forthrightly told that the condition would as well be invoked

following a reversal by this court of a district court's denial of a claim on the merits.

The effect of this is to render any decision of a district court or of this court upholding a habeas petitioner's unexhausted claim as to which a conditional waiver has been entered a complete nullity or, at most, an advisory opinion, at the option of the state. The state readily concedes that the procedure is a novel one. So far as we are presently advised it is unique in the administration of federal habeas jurisdiction, even in those circuits where unconditional waivers have been permitted. Be that as it may, we think it could not be saved by the existence of comparable practices elsewhere.

The state contends, however, that the practice has been implicitly authorized by our decision in *Jenkins v. Fitzberger, supra*. The specific contention is that *Jenkins* authorized waivers of the exhaustion requirement in respect of those claims which a district court might then dismiss on the merits as "frivolous." Conditional waivers to allow dismissal of claims found to lack merit, though not frivolous, serve the same purpose approved in *Jenkins*, merely "going one step beyond *Jenkins*," says the state. This argument misconceives our holding in *Jenkins*. It did not turn, as the state contends, upon the fact that the unexhausted claim was then found frivolous by the court. While the state of Maryland did give as its reason for making an unconditional waiver of the exhaustion requirement the patent frivolity of the claims, our reason for authorizing the district court's acceptance of the unconditional waiver was that it was "in the interest of justice and expedition." *Id.* at 1189. We found unconditional waiver permissible not because the claims were frivolous—a matter not judicially determined or determinable at the time of waiver—but because the exhaustion requirement is "simply a flexible matter of comity" that the state may choose not to stand upon. *Id.* at 1189 (quoting *Williams v.*

---

been rejected because of the lapse of time before filing. The simple answer to this newly raised argument is, as the state notes, that

review by writ of certiorari is available even today. *See* N.C.G.S. § 15A–1422(c)(3) (Repl. 1978); N.C.R.App.P. 21(c).

*Coiner,* 392 F.2d 210, 213 n.2 (4th Cir. 1968)). The "expedition" to which we referred in *Jenkins* was therefore not that achieved by the summary disposition of frivolous claims by federal habeas courts but rather that arising from the avoidance of state appellate review prior to review in the federal courts. In short, nothing we said in *Jenkins* authorizes a state to condition waiver of the exhaustion requirement on a district court finding that the claims asserted are without merit.

The primary purpose of the statutory exhaustion requirement is, of course, to minimize friction between our federal and state systems of justice by allowing the state an initial opportunity to pass upon and correct violations of prisoners' federal rights. *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981). The unconditional waiver authorized in *Jenkins* simply permitted the state to choose not to exercise that initial opportunity. Conditional waiver, going further, is clearly incompatible with that purpose.

Finally we believe that this conclusion is supported, if not compelled, by the Supreme Court's recent consideration of the exhaustion requirement in *Rose.* The *Rose* Court's holding that comity considerations mandate federal court dismissal at the outset of any petition containing claims that might yet be reviewed by a state court seems flatly incompatible with a procedure that would permit federal court consideration of claims upon which the state still holds a string through the conditional waiver device.

█ Because the acceptance of the conditional waiver was improper, we hold that the court should have dismissed the petition for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b).[4]

VACATED AND REMANDED.

4. Harding suggests that the district court's order can be read, despite its reliance on *Jenkins,* as making alternative rulings on the failure to exhaust the last two claims and on the merits of those claims, rather than as an acceptance of the state's "waiver." The order is admittedly ambiguous on the point, but because the court correctly found that the two claims had not been exhausted, the result—dismissal because at least a "mixed petition" was presented— would be the same.