Charles Sylvester STAMPER

v.

Alton BASKERVILLE, Superintendent.

Civ. A. No. 82–0025–R.

United States District Court,
E.D. Virginia,
Richmond Division.

March 2, 1983.

See also, D.C., 531 F.Supp. 1122.

Gary J. Spahn, Richmond, Va., Court Appointed, for plaintiff.

Thomas D. Bagwell, Asst. Atty. Gen., Richmond, Va., for defendant.

## OPINION

WARRINER, District Judge.

Presently the Court has before it respondent's ripe motion for a stay and respondent's waiver of exhaustion.

■ Respondent filed a motion to stay any decision by this Court pending a decision by the United States Supreme Court on respondent's petition for a writ of certiorari to the Fourth Circuit Court of Appeals. Since respondent's petition for a writ of certiorari has been denied, *Baskerville v. Stamper,* —— U.S. ——, 103 S.Ct. 1231, 75 L.Ed.2d 466 (1983), the motion for stay will be DISMISSED as moot.[1]

Respondent's waiver of exhaustion and memorandum of law in support thereof were filed on 25 October 1982. Petitioner did not file a response to the waiver, though at oral argument on the motion for stay heard on 24 November 1982 petitioner responded orally to the Commonwealth's waiver of exhaustion.

The Court of Appeals' mandate issued on 2 November 1982. The Fourth Circuit remanded the case for dismissal pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), because the habeas petition contained both exhausted and unexhausted claims. On remand, this Court was presented with respondent's unconditional and complete waiver of exhaustion. If the waiver be accepted, then the exhaustion requirements set forth in *Rose v. Lundy, supra,* will have been satisfied.

■ On remand a district court may consider and decide any matters left open by the mandate of the court of appeals. "While a mandate is controlling as to matters within its compass, on the remand a lower court is free as to other issues." *Quern v. Jordan,* 440 U.S. 332, 347, n. 18, 99 S.Ct. 1139, 1148, n. 18, 59 L.Ed.2d 358 (1979), *quoting Sprague v. Ticonic National Bank,* 307 U.S. 161, 168, 59 S.Ct. 777, 780, 83 L.Ed. 1184 (1939). Respondent's express waiver of exhaustion presents an issue not within the mandate's compass; it was not before the Court of Appeals; it is therefore a matter to be decided by the district court.

Thus, the Court must determine whether to accept the State's express waiver of exhaustion. In *Jenkins v. Fitzberger,* 440 F.2d 1188 (4th Cir.1971), the Fourth Circuit held that a State may waive exhaustion of State remedies:

Since the exhaustion requirement of 28 U.S.C. § 2254 "is not a jurisdictional concept but simply a flexible matter of comity," *Williams v. Coiner,* 392 F.2d 210, 213, n. 2 (4th Cir.1968), we think the federal courts may in the interest of justice and

---

1. On 28 February 1983, respondent filed a memorandum notifying the Court that respondent's petition for a writ of certiorari had been denied by the Supreme Court.

In its memorandum, respondent correctly stated that "a denial of a petition for a writ of certiorari by the United States Supreme Court has no precedential value." However, respondent then proceeded to attach precedential value to the Supreme Court's denial of respondent's petition for a writ of certiorari by stating that "it would appear that the denial ... is at least an implication that the ... Supreme Court believes that *Rose v. Lundy* applies to this case." Respondent is incorrect. The denial of a petition for a writ of certiorari has no precedential value, either as controlling authority or as an implication of what the law is. *Brown v. Allen,* 344 U.S. 443, 497, 73 S.Ct. 397, 441, 97 L.Ed. 469 (1953), quoting *Sunal v. Large,* 332 U.S. 174, 181, 67 S.Ct. 1588, 1592, 91 L.Ed. 1982 (1947).

In any event, a different question than the one presented to the Supreme Court is before this Court. Footnote three of respondent's petition for a writ of certiorari reiterated that there were two waiver questions presented. Whatever the law may be with respect to the first, waiver of the exhaustion requirement through procedural default by failing to raise the issue on cross-appeal, that question is not before this Court. The Supreme Court declined to review that question, and the Fourth Circuit's ruling that *Rose v. Lundy, supra,* may be applied even in the absence of respondent's cross-appeal is controlling.

The second waiver question is presented to this Court: whether to accept respondent's express waiver of exhaustion filed in this Court after remand by the Fourth Circuit. This question was not presented to the Court of Appeals or to the Supreme Court. It is this question alone that is before this Court and is the subject of this opinion.

expedition accept a waiver of exhaustion by the state."

*Id.* at 1189.

To support its holding in *Jenkins v. Fitzberger, supra,* the Fourth Circuit cited *Kelly v. North Carolina,* 276 F.Supp. 200 (E.D. N.C.1967). In *Kelly v. North Carolina* the court explained its holding that the State may waive the exhaustion requirement set forth in 28 U.S.C. § 2254:

> [S]ince the [exhaustion] rule is one of comity, observed in order to avoid unseemly collisions by allowing state courts the first opportunity to review alleged state abuses of federal constitutional rights, then the requirement is a proper one for waiver, should the state, in its discretion, choose to waive it.

*Id.* at 205.

The decision whether to waive exhaustion is one committed to a State's "discretion", *Kelly v. North Carolina, supra,* at 205, and the choice whether to exercise this discretion is to be made by "the state, through its lawyer, the Attorney General...." *Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 (4th Cir.1971).

In *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), the Supreme Court held that a habeas petition that presented both exhausted and unexhausted claims must be dismissed for failure to exhaust State remedies. *Rose v. Lundy, supra,* did not say anything about the State's ability to waive exhaustion.

However, in *Harding v. North Carolina,* 683 F.2d 850 (4th Cir.1982), decided after *Rose v. Lundy, supra,* the Fourth Circuit reaffirmed that a State may waive exhaustion of State remedies if the State's waiver

is unconditional and if acceptance of the waiver is "in the interest of justice and expedition." *Id.* at 852, *quoting Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 (4th Cir. 1971). The *Harding* court stated that accepting a conditional waiver would be "flatly incompatible" with *Rose v. Lundy, supra,* 683 F.2d at 853. However, accepting an unconditional waiver is permissible after *Rose v. Lundy, supra,* if acceptance of the unconditional waiver is in the interest of justice and expedition. 683 F.2d at 852.[2]

The Fourth Circuit in *Harding* reiterated the rationale advanced earlier in *Jenkins v. Fitzberger, supra:*

> The primary purpose of the statutory exhaustion requirement is, of course, to minimize friction between our federal and state systems of justice by allowing the state an initial opportunity to pass upon and correct violations of prisoners' federal rights.... The unconditional waiver authorized in Jenkins simply permitted the state to choose not to exercise that initial opportunity.

683 F.2d at 852.

Thus in the Fourth Circuit there is a two part inquiry to determine whether to accept a State's express waiver of exhaustion: first, whether the waiver of exhaustion is unconditional, and second, if so, whether accepting the State's unconditional waiver is in the interest of justice and expedition. *Harding v. North Carolina, supra; Jenkins v. Fitzberger, supra.*

In this case the State's express waiver of exhaustion is unconditional and complete. Acceptance of the State's unconditional waiver in this case is clearly "in the interest of justice and expedition."[3] *Har-*

**2.** At least two district courts within this circuit have accepted an unconditional waiver of exhaustion by a State since the Supreme Court's *Rose v. Lundy* decision. *Porter v. Newkirk,* 539 F.Supp. 150, 151 (E.D.N.C.1982); *Foye v. Bordenkircher,* 535 F.Supp. 1340, 1341 (N.D.W. Va.1982).

**3.** The Court relies on the factual and legal situation discussed in *Stamper v. Baskerville,* 531 F.Supp. 1122, 1132–34 (E.D.Va.1982) for this finding. That this Court did not then anticipate *Rose v. Lundy* is not significant since *Rose v.*

*Lundy* sets forth a per se rule while the inquiry here is tailored to the individual case in the context of justice and expedition. A further basis for finding a furtherance of justice and expedition is that the parties have heretofore prepared briefs and arguments on the merits before the Court of Appeals and were prevented from having them considered only by the intervening *Rose v. Lundy* decision. Thus, the case is in almost immediate posture for appellate review on the merits.

*ding v. North Carolina,* 683 F.2d 850, 852 (4th Cir.1982), *quoting Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 (4th Cir.1971). Accordingly, the waiver is accepted and the petition thus presents no unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), is inapplicable.

The Court hereby adopts and incorporates the findings and conclusions previously set forth in *Stamper v. Baskerville,* 531 F.Supp. 1122 (E.D.Va.1982). In accordance therewith, the petition for a writ of habeas corpus will be DENIED.

On 25 February 1982, the Court stayed execution of petitioner's sentence of death, pursuant to 28 U.S.C. § 2251, pending petitioner's appeal. In light of the Court's disposition on the petition on remand, the stay of execution shall expire thirty-one days from the entry hereof. This affords petitioner the statutory time to note his appeal if he be so advised.

And it is so ORDERED.