Charles Sylvester STAMPER, Appellant,

v.

Alton BASKERVILLE, Superintendent,
Appellee.

No. 82–6152.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1983.

Decided Jan. 13, 1984.

Certiorari Denied Feb 22, 1984.
See 103 S.Ct. 1231.

Gary J. Spahn, Richmond, Va. (John R. Easter, Mays, Valentine, Davenport & Moore, Richmond, Va., on brief), for appellant.

Thomas D. Bagwell, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Va., Richmond, Va., on brief), for appellee.

Before MURNAGHAN and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

ERVIN, Circuit Judge:

Charles Sylvester Stamper appeals from the district court's denial of his petition for a writ of habeas corpus, 558 F.Supp. 100. Stamper argues that the district court failed to comply with a previous mandate of this court ordering dismissal of the case pursuant to *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Because we find that the district court contravened a direct order of this court we vacate the judgment and remand to the district court with orders to dismiss.

## I.

In November of 1979 Stamper was convicted on three charges of capital murder, one charge of robbery, and three charges of using a firearm during the commission of a felony. The court sentenced Stamper to life imprisonment for the robbery conviction, and imposed a one year prison term for each of the firearm convictions. After hearing further evidence in aggravation and mitigation, the jury returned a verdict of death for each of the capital murder convictions. On direct appeal, the Virginia Supreme Court affirmed all seven convictions.

After an unsuccessful effort to petition for a writ of habeas corpus in the Circuit Court for Henrico County, Virginia, Stamper filed a second habeas petition in the United States District Court for the Eastern District of Virginia. The federal petition alleged that (1) the evidence admitted at trial failed as a matter of law to establish guilt beyond a reasonable doubt; (2) the district court improperly admitted expert testimony and demonstrative evidence that had questionable probative value and was highly prejudicial; and (3) the imposition of a death sentence violated Stamper's constitutional rights.

Before ruling on the petition, the district court appointed separate counsel to investigate whether Stamper had received ineffective assistance of counsel during the trial and on appeal. This investigation led Stamper to file an amended petition adding new claims of ineffective assistance of counsel to the three claims already alleged. The state responded to the amended petition by requesting the court to dismiss the unexhausted ineffective assistance claims.

On February 12, 1982, the district court entered judgment denying the amended petition on all grounds. None of the claims were dismissed for failure to exhaust state remedies. Stamper subsequently appealed to this court, arguing that the district court erred both in its ruling on the merits and in its decision to retain jurisdiction over a mixture of exhausted and unexhausted claims.

On October 4, 1982, we remanded the petition to the district court for dismissal pursuant to the Supreme Court's recent decision in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).[1] Our order concluded that *Rose v. Lundy* required a district court to dismiss habeas petitions containing both exhausted and unexhausted claims.

On remand, the state presented the district court with a waiver of all exhaustion requirements. The district court accepted the waiver and reinstated its prior order denying the petition.

## II.

Once a case has been decided on appeal and a mandate issued, the lower court may not "vary it [the mandate] or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255–56, 16 S.Ct. 291, 293, 40 L.Ed. 414 (1895). In this case, the order was clear and unequivocal: the district court was to dismiss the claims pursuant to the Supreme Court's recent opinion in *Rose v. Lundy.* The district court simply failed to comply with this mandate.

1. *Rose v. Lundy* was decided on March 3, 1982, shortly after the district court's ruling.

■ The state insists that a lower court may "consider and decide any matters left open" by the mandate of an appellate court. 160 U.S. at 255–56, 16 S.Ct. at 293. Waiver of exhaustion, the state reasons, was not before this court on the first appeal. Exhaustion, therefore, in the state's view "presents an issue not within the mandate's compass."

We agree that the lower court may rule on matters left open by our mandate. We do not believe, however, that an order to dismiss leaves any matter open for further adjudication. Compliance with an order to relinquish jurisdiction necessarily precludes the lower court from taking any further action other than dismissal, for to do so would involve retaining jurisdiction.

■ Nor do we believe that *In re Sanford* should be read to permit a lower court to treat an issue not before the appellate court as "a matter left open." 160 U.S. at 255–56, 16 S.Ct. at 293. Were this the rule, a lower court could circumvent any and every order to dismiss simply by passing on an issue not present on appeal. A lower court may decide "matters left open" only insofar as they reflect proceedings consistent with the appellate court's mandate. See *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). Once an order to dismiss is received, any action by the lower court other than immediate and complete dismissal is by definition inconsistent with—and therefore a violation of—the order.

### III.

In addition to concerns about compliance, we are troubled by the nature of the waiver asserted by the State. In *Harding v. State of North Carolina,* 683 F.2d 850 (4th Cir. 1982), we held that a conditional waiver was "flatly incompatible" with the spirit of the comity considerations discussed by the Supreme Court in *Rose v. Lundy. Id.* at 852–53. Despite the state's claims to the contrary, we are not convinced that the waiver submitted by the state was unconditional.

Initially the state sought to dismiss the ineffective assistance of counsel claims on the ground that they had not been exhausted. Only after the state was confident that it would prevail on all the claims asserted by the defendant—that is, after the district court's first ruling on the habeas petition—did the state decide to waive the exhaustion requirement. The procedure followed by the district court in considering the state's motion to dismiss for failure to exhaust assured the conditional nature of the waiver. The district court did not deny the motion, which it had taken under advisement, until after it had decided to dismiss the petition. The court interpreted 28 U.S.C. § 2254(b) to require exhaustion of state remedies only when the prisoner presented meritorious grounds for granting the writ. This distinction is not found in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), where the court prescribed total exhaustion without adjudication of the constitutional claims alleged by the prisoner.

■ We find little material difference between this situation and one where a state pursues and receives an express conditional waiver from the district court. These facts we believe, provide a second, independent ground for concluding that the lower court erred in failing to dismiss both the exhausted and unexhausted claims.

### IV.

For the foregoing reasons, we reverse the judgment of the lower court and remand with instructions to comply with the October 4, 1982 mandate of this court ordering dismissal of all claims pursuant to *Rose v. Lundy.*

REVERSED AND REMANDED.

MURNAGHAN, Circuit Judge, concurring:

I concur separately only to adhere to the practice that it is better not to decide what it is not necessary to decide, absent a probability that the same issue will be presented at a later stage of the case.

A district court's refusal woodenly to follow, in some subsequent case, an order issued by us although it had ceased to make sense or had produced developments which would frustrate justice, should not be doomed to reversal simply because of similarity with certain aspects of the instant case. The district judge's action may, on that case's peculiar facts, have been eminently reasonable and well within his discretion, assuming he had any. It might be possible to hold that the matter had been left open explicitly or by implication or some other adequate reason not now readily apparent might emerge as a sufficient ground for upholding the district court's decision. Rather than foreclose the matter by establishing unnecessary binding authority and needlessly compelling a useless exercise of remand in the name of "formality" or "regularity," I would prefer here to rest the reversal on the more narrow grounds that, assuming (but not deciding) that there was discretion in the district court to depart from our earlier order, nevertheless here the action amounted to an abuse of discretion.

Sufficient reasons to justify a departure from our earlier order to dismiss under *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) simply are not apparent.[1] Hence, in doing so, the district judge, at the very least, abused his discretion.

For reasons in a like vein, I refrain from committing myself to the views expressed in section III of the panel majority opinion. The waiver asserted by the Commonwealth of Virginia does have conditional aspects, in that it was provided only after the Commonwealth knew how the decision on the merits was going to come out. Nevertheless, a ruling on the point is needless in view of the grounds advanced in section II. A waiver approach may not be pressed by the respondent or adopted by the district court, if another *habeas corpus,* as is probable, is filed by the present petitioner. A death case defendant presumably would prefer to take the time to exhaust in a state proceeding, thereby rendering academic the exhaustion issue. Yet, another case, presenting facts it is not now possible to perceive, may well make a waiver with similar characteristics permissible or even desirable. I would not tie our hands by decision now, when it is not necessary to take decision.

---

**1.** It is to be doubted that the Supreme Court clearly foresaw that the holding in that case, operating to delay, if not to prevent, a hearing on the merits in a *habeas corpus* case, would be converted into a haven for a petitioner in a death penalty case, since for such a one delay in and of itself may amount to a partial victory. He may be encouraged purposely to include one unexhausted claim in every *habeas corpus* petition, and thereby spin things out for quite a while. However, any limitation of the thrust of *Rose v. Lundy* to accommodate for that twist must come from the Supreme Court, not an intermediate federal court.