**CAMEO CONVALESCENT CENTER, INC., Plaintiff-Appellant,**

v.

**Donald E. PERCY, et al., Defendants-Appellees.**

No. 85–1356.

United States Court of Appeals, Seventh Circuit.

Argued May 8, 1986.

Decided Aug. 27, 1986.

Rehearing and Rehearing En Banc Denied Oct. 1, 1986.

Robert M. Hesslink, Jr., Monona, Wis., for plaintiff-appellant.

Charles Hoornstra, Dept. of Justice, Madison, Wis., for defendants-appellees.

Before CUMMINGS, Chief Judge, and BAUER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

BAUER, Circuit Judge.

Plaintiff Cameo Convalescent Center, Inc. ("Cameo") brought suit against Donald E. Percy, Secretary of the Wisconsin Department of Health and Social Services ("WDHSS"), and nine other state employees claiming that defendants' placement of Cameo on the suspension of referrals list ("SORL") for approximately fourteen days

without an evidentiary hearing deprived it of liberty and property interests without due process of law in violation of the First, Ninth, and Fourteenth Amendments and the Civil Rights Act of 1871, 42 U.S.C. § 1983. The district court granted defendants' motion for summary judgment and dismissed Cameo's complaint on the ground that it was not deprived of property without due process since it had full access to post-deprivation remedies under state law. We affirm.

## I.

Cameo is a nursing home operating in Milwaukee, Wisconsin. In September 1978, the Bureau of Quality Compliance of the WDHSS inspected the Cameo nursing home. As a result of the inspection, Cameo was cited with thirty-four violations. Under Wisconsin law at that time, the Department was required to place a nursing home with five or more outstanding Class B or C citations on SORL. The effect of placement on this list is to limit referrals to the offending nursing home from county social service agencies and nursing home placement boards. Also under Wisconsin law at that time, a nursing home could not be placed on the list without a prior evidentiary hearing if the nursing home filed a timely request for a hearing. When the inspection revealed uncorrected violations, Cameo was subject to placement on SORL. On March 19, 1979, Cameo was advised by certified mail that it would be placed on SORL if it did not appeal within ten days.

On March 30, 1979, Cameo hand-delivered an appeal request to Ms. Nadene Dreher, a receptionist in the Madison office of the WDHSS. Ms. Dreher, who was authorized to accept appeals, has no recollection of receiving the appeal notice and no memory of what she did with the notice. Because of this confusion, Cameo's name appeared on the April 4, 1979 list. Cameo's March 30, 1979 appeal was discovered on April 12, 1979. There was some doubt as to the timeliness of its filing because no filing date was affixed to the Department's copy. After questioning the Department notary who verified the appeal, the Department decided to give Cameo the benefit of the doubt as to timeliness. The Department issued a corrected list to the same parties who had received the April 4, 1979 list. The Department also issued an apology to Cameo and a retraction removing Cameo from the list. The retraction was sent on April 13, 1979 to all county social service agencies, boards, and interested parties. Cameo received the apology before it knew it had been placed on SORL.

Cameo and three of its officers and directors brought suit against officers and employees of WDHSS alleging that they acted individually and in concert to deprive Cameo of liberty and property interests without due process of law. A bifurcated trial was held. Prior to the end of the liability phase of the trial, the district court dismissed the individual plaintiffs. At the conclusion of the liability phase of the trial, the jury found that the nurse-surveyor had acted with malice in prosecuting the violations against Cameo for ulterior or improper motives. The jury awarded Cameo compensatory damages of $65,000 and punitive damages of $10,000. The nurse and plaintiffs appealed. This court found that the district court erred in failing to instruct the jury on plaintiff's conspiracy theory and that the jury instructions on due process must inform the jury of Cameo's right to a hearing prior to placement on SORL. On remand, the district court then granted defendants' motion for summary judgment in light of *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), and dismissed Cameo's complaint. This appeal followed.

## II.

Cameo first argues that the district court was bound by the doctrine of the "law of the case" and was precluded from ruling on the summary judgment motions because it failed to grant defendants' prior motion to dismiss. Cameo also argues that the district court lacked the discretion to deviate from a mandate of this court and

should have followed instructions on remand. We disagree with both arguments.

The district court has the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal. Prejudgment orders, such as motions to dismiss, are interlocutory and may be reconsidered at any time. "In the absence of statute the phrase the 'law of the case' as applied to the effect of the previous orders on the later action of the court rendering them in the same case, merely expressed the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). Therefore, we reject Cameo's argument that the district court's earlier refusal to dismiss Cameo's case precluded the district court from later granting summary judgment against Cameo.

Further, we find that the district court's refusal to hold to the doctrine is appropriate in this instance because of a change in the law. The Supreme Court's decision in *Hudson*, which extended the holding in *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), to intentional torts occurred subsequent to the earlier motions to dismiss. Under *Parratt*, a negligent deprivation of a prison inmate's property by state officials did not violate due process if an adequate post-deprivation remedy existed. *Hudson* extended *Parratt* to include intentional torts. Under *Hudson*, a deprivation of property is not without due process if, from the perspective of the state, a pre-deprivation hearing would have been impracticable, the conduct causing the deprivation was random and unauthorized, and adequate post deprivation remedies exist under state law. *Hudson*, 104 S.Ct. at 3205 (citing *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). *Hudson* was decided the day after this court entered its decision in *Cameo Convalescent Center, Inc. v. Senn*, 738 F.2d 836 (1984), and was not discussed in the decision which was based on the narrower holding in *Parratt*. Be-

cause of this intervening change in the controlling authority the trial court's refusal to hold to the law of the case was appropriate.

Similarly we reject Cameo's argument that the granting of summary judgment was improper in view of this court's instructions on remand that the matter be retried. These instructions were not based on the holding in *Hudson* and therefore do not preclude a determination that summary judgment is proper under a subsequent case not available to this court at the time of its decision. *Hudson* changed the law, and the district court properly applied the new law to the claim before it.

Cameo relies on *Stamper v. Baskerville*, 724 F.2d 1106 (4th Cir.1984), to support its argument that the district court lacked discretion to grant summary judgment on the basis of *Hudson*. *Stamper* involved an order by the appellate court to the district court to dismiss the action. Instead, the district court allowed a new, but substantially similar, complaint to be filed and proceeded without dismissing the action as directed. The Fourth Circuit concluded that the direction to dismiss was an order to relinquish jurisdiction that precluded the court from taking any action other than dismissal. Here, the appellate court dismissed some claims and granted judgment on others, but remanded other issues to the district court for trial. This court, therefore, did not withdraw jurisdiction from the district court as to the remanded matters and this case is therefore distinguishable from *Stamper*.

### III.

Cameo's argument that the doctrine of *Hudson* does not apply to the facts of this case is without merit. The district court's order granting summary judgment is an application of *Hudson* to the type of circumstance that it was intended to cover. In *Hudson*, Palmer, an inmate at the Bland Correctional Center in Virginia, brought a Section 1983 action against Hudson, an officer at the Correctional Center, for con-

ducting a shakedown search of his cell. He argued that Hudson violated his due process rights by destroying non-contraband personal property belonging to Palmer. The Supreme Court held that Palmer's due process rights were not violated because he had adequate post-deprivation remedies under Virginia law for any loss suffered. This case, as it evolved following the remand, presents an analogous set of facts to *Hudson.* Cameo was placed on the list without a prior hearing to which it was entitled under state law. Any damages to which Cameo is entitled are limited to the referrals Cameo lost as a result of placement on the list. A retraction of the listing was sent out to recipients of SORL nine days after the mailing of the list. Cameo remained on the preferred list of nursing homes for referrals both before and after the April SORL. Cameo was entitled to a hearing by statute. The issue involved no substantial constitutional right, but solely the issue of whether Cameo's property right to referrals had been taken without a hearing. The evidence shows that the unexpected nature of the deprivation made a pre-deprivation hearing impracticable; that the deprivation was random and unauthorized, due to a clerical mistake; and that whatever loss Cameo sustained by being improperly listed on SORL was directly addressable in state court.

## IV.

Finally, Cameo argues that the defense of prosecutorial immunity is not available to the defendants. We decline to discuss this issue, however, having decided this case in light of *Hudson.*

For the foregoing reasons, the judgment of the district court is

AFFIRMED.