877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frankie MCCOY, Plaintiff-Appellant,
v.
Ms. SUPPLE, Assistant Warden, Major Thompson, Sergeant
Peguese, D. Crest, Officer, Defendants-Appellees.
 No. 88-6641.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1989.
Decided May 25, 1989.
Rehearing and Rehearing In Banc Denied June 20, 1989.
 
 Frankie McCoy, appellant pro se.
 Stephanie J. Lane, Office of the Attorney General, for appellees.
 Before CHAPMAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The issue before us is whether the district court on remand correctly refused to consider an issue not before it prior to its original judgment and not left open by this Court's mandate on the prior appeal.
 
 
 2
 In McCoy v. Crest, No. 86-7730 (4th Cir. Aug. 26, 1987) (unpublished), this Court reversed the district court upon a determination that Officer Crest's failure to include exculpatory material in an infraction report did not violate McCoy's due process rights under Wolff v. McDonnell, 418 U.S. 539 (1974). The panel did not mention other issues raised on appeal, including a claimed violation of Hewitt v. Helms, 459 U.S. 460 (1983). The Hewitt issue had not been before the district court.
 
 
 3
 Following reversal, the district court directed that judgment be entered in favor of Officer Crest. McCoy filed a motion for reconsideration. He maintained that the district court's finding of a due process violation applied alternatively to the Wolff and the Hewitt issues. Therefore, this Court's silence left intact the district court's finding of a Hewitt violation. The district court denied the motion without comment, and McCoy appeals.
 
 
 4
 We disagree with McCoy's position and affirm the district court. A review of the record indicates that the district court's sole due process concern was whether the misleading or incomplete infraction report violated the Constitution. The district court, contrary to McCoy's allegation, did not even consider a possible Hewitt violation. Because the issue was not originally raised in the lower court, and was not a matter left open by our reversal on the prior appeal, see Stamper v. Baskerville, 724 F.2d 1106, 1108 (4th Cir.), cert. denied, 459 U.S. 1225 (1984), the denial of the motion for reconsideration was not an abuse of discretion.
 
 
 5
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.