900 F.2d 252
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Clifton JOHNSON, Jr., Petitioner-Appellant,
v.
Stephen SIEBERT, Respondent-Appellee.
 No. 89-7752.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: April 10, 1990.
Rehearing Denied April 27, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (C/A No. 89-2023-N)
 Robert Clifton Johnson, Jr., appellant pro se.
 D.Md.
 DISMISSED.
 Before WIDENER, K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Clifton Johnson, a Maryland prisoner, filed this petition for writ of habeas corpus in the district court pursuant to 28 U.S.C. Sec. 2254. He stated in the petition that he had filed a petition for writ of habeas corpus in the Circuit Court for the Circuit of Baltimore, but that decision on the petition was still pending; he also stated that he had not applied for post-conviction relief in the Maryland Court of Special Appeals. The district court dismissed the petition for failure to exhaust state remedies. We deny a certificate of probable cause to appeal and dismiss.
 
 
 2
 Exhaustion of state remedies is required prior to initiation of a federal habeas corpus petition unless it is waived by the state. 28 U.S.C. Sec. 2254; Preiser v. Rodriguez, 411 U.S. 475 (1973); Granberry v. Greer, 481 U.S. 129 (1987). In order to exhaust state remedies in Maryland, a prisoner must apply for post-conviction relief in the Maryland Court of Special Appeals. Md.Ann.Code art. 27, Sec. 645A, C.J.P. Sec. 12-203. A petition for writ of habeas corpus in the circuit court does not satisfy the exhaustion requirement; if the petition is denied, the prisoner must still apply for post conviction relief through the Maryland Court of Special Appeals, and, if necessary, the Maryland Court of Appeals, to exhaust his state remedies. Jenkins v. Fitzberger, 440 F.2d 1188, 1189 n. 1 (4th Cir.1971). Because Johnson did not exhaust his state remedies or present any compelling reason why exhaustion should be waived, dismissal of the petition was proper. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not significantly aid the decisional process.
 
 
 3
 DISMISSED.