**Jo D. MOLINARY, Trustee of the Susan Pruitt Cloud Land Trust, Plaintiff–Appellant,**

v.

**POWELL MOUNTAIN COAL COMPANY, INCORPORATED, Defendant–Appellee.**

No. 97–2695.

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1999.

Decided April 2, 1999.

**ARGUED:** Walton Davis Morris, Jr., Charlottesville, Virginia, for Appellant. Stephen McQuiston Hodges, Penn, Stuart & Eskridge, Abingdon, Virginia, for Appellee. **ON BRIEF:** Daniel R. Bieger, Copeland, Molinary & Bieger, P.C., Abingdon, Virginia, for Appellant. Eric R. Thiessen, Penn, Stuart & Eskridge, Abingdon, Virginia, for Appellee.

Before WILKINS, NIEMEYER, and HAMILTON, Circuit Judges.

Affirmed by published per curiam opinion.

## OPINION

PER CURIAM:

Jo D. Molinary (Molinary), in her capacity as trustee of the Susan Pruitt Cloud Land Trust, appeals from the district court's entry of final judgment in favor of Powell Mountain Coal Company, Inc. (Powell Mountain) following our remand of this case to the district court with instructions in connection with a prior appeal. *See Molinary v. Powell Mountain Coal Co., Inc.*, 125 F.3d 231 (4th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1056, 140 L.Ed.2d 119 (1998) (*Molinary I* ). We affirm.

I.

The beneficiaries of the Susan Pruitt Cloud Land Trust are a class of persons known as the "Pruitt heirs" (the Pruitt Heirs), who, in 1990, owned more than a 99% undivided interest in the surface estate of a fifty-acre tract of land located in Lee County, Virginia (the Pruitt Tract).[1] At that time, Powell Mountain owned an approximately .14% undivided interest in the surface estate of the Pruitt Tract. Furthermore, under an 1887 deed it owns a 100% interest in the mineral rights of the Pruitt Tract. The Pruitt Tract is rural, mountainous, and has little economic value apart from its timber and mineral rights.

In February 1990, Powell Mountain submitted a permit application to the Division of Mined Land Reclamation for the Commonwealth of Virginia (the DMLR), seeking permission to auger mine a particular three-acre portion of the Pruitt Tract. In its permit application, Powell Mountain listed itself and the Pruitt Heirs as cosurface owners, but did not list each heir by name. Powell Mountain listed itself as the sole owner of the mineral rights. Powell Mountain also informed the DMLR orally that it had obtained a legal opinion that no lease to extract the coal by the auger mining method was required from the other owners of the surface estate.

Without further submission from Powell Mountain, the DMLR issued the permit.

---

1. For the sake of clarity, we will treat the Pruitt Heirs as the plaintiffs/appellants in this action.

Powell Mountain then extracted 4423.51 tons of coal from the three-acre tract by the auger mining method. Powell Mountain sold the coal for $190,122.46, clearing $35,909.05 in net income.

After receiving complaints about the permit's issuance, the DMLR determined that Powell Mountain's permit application did not comply with certain state permitting regulations. As a result, the DMLR revoked Powell Mountain's permit, issued a cessation order, and ordered Powell Mountain to reclaim the three-acre tract. Subsequently, Molinary, as Trustee of the Susan Pruitt Cloud Land Trust, filed this action in the United States District Court for the Western District of Virginia.

The Second Amended Complaint alleged six counts. In Count I, the Pruitt Heirs alleged that Powell Mountain's failure to comply with Virginia's permitting regulations proximately caused the improper issuance of the permit, which in turn resulted in the auger mining of the Pruitt Tract. The Pruitt Heirs brought Count I pursuant to the citizen suit provision of the Surface Mining Control and Reclamation Act of 1977 (SMCRA), 30 U.S.C. § 1270(f). Counts II and V set out independent but overlapping claims under federal and state law, respectively, for Powell Mountain's failure to reclaim the three-acre tract to a condition suitable for its prior recreational purposes. Count III alleged that Powell Mountain's conduct in auger mining the three-acre tract without the consent of the Pruitt Heirs implied a contract under Virginia law between Powell Mountain and the Pruitt Heirs for surface coal extraction rights.[2] Count IV asserted a claim for wheel-age royalties on coal mined from other lands and hauled across the Pruitt Tract. Count VI sought a declaration that "Powell Mountain may not lawfully obtain a coal surface mining permit for the Pruitt Heirs Tract in the future without the con-

sent of every surface owner." (J.A. 36–37).

The district court subsequently granted summary judgment in favor of the Pruitt Heirs as to liability on Count I. The district court then conducted a jury trial on the sole issue of whether Powell Mountain's regulatory violations were wilful, reckless or grossly negligent. The jury, presented with a single interrogatory to this effect, answered in the affirmative. The parties agreed to submit the issues of damages, attorney's fees and costs to the district court for determination. Subsequently, the district court awarded the Pruitt Heirs $190,622.46 in compensatory damages, an amount equal to the gross sales price of the coal. The district court also awarded the Pruitt Heirs $91,644.92 in costs and attorney's fees. At some point prior to final judgment, the Pruitt Heirs abandoned Counts II and V in favor of pursuing reclamation through federal administrative proceedings. With respect to Counts III, IV, and VI, the district court entered judgment in favor of Powell Mountain.

Powell Mountain noted a timely appeal of the portion of the district court's final judgment favorable to the Pruitt Heirs. On appeal, Powell Mountain also challenged the district court's subject matter jurisdiction. The Pruitt Heirs noted a timely cross appeal for the *sole purpose* of challenging the adequacy of the district court's award of attorney's fees. The Pruitt Heirs did not argue that liability pursuant to Counts III, IV or VI could serve as alternative bases for affirmance of the judgment in their favor.

On appeal, we held the district court: (1) had properly denied Powell Mountain's motion to dismiss for lack of subject matter jurisdiction; (2) erroneously granted the Pruitt Heirs' motion for summary judgment as to liability with respect to Count I, the sole count at issue in the appeal; and (3) erroneously denied Powell

---

**2.** In both Counts I and III, the Pruitt Heirs sought the entire proceeds of Powell Moun-

tain's sale of the coal as damages.

Mountain's motion for summary judgment on that count. *See Molinary I,* 125 F.3d at 238. Accordingly, we affirmed the district court's exercise of subject matter jurisdiction, but vacated the district court's entry of summary judgment as to liability in favor of the Pruitt Heirs with respect to Count I, vacated the district court's entry of final judgment with respect to Count I, and remanded with instructions that the district court enter summary judgment in favor of Powell Mountain on that claim.[3] *See id.* We stated in a footnote that "[i]n light of our disposition, the other issues raised by Powell Mountain's appeal are moot, as well as the issues raised by the Pruitt Heirs' cross appeal." *Id.* at 238 n. 6.

Despite the fact that Counts III and VI were never at issue in *Molinary I,* on remand, the Pruitt Heirs argued that the district court should construe our mandate as vacating the *entire* final judgment, but only directing entry of final judgment in favor of Powell Mountain on Count I, thus allowing them to relitigate Counts III and VI. The district court rejected this argument and entered final judgment in favor of Powell Mountain on Count I, which the district court described as "the single, remaining claim pending" before it. (J.A. 58). The district court then stated that "this case is stricken from the court's docket." *Id.* The instant appeal followed.[4]

### II.

■ On appeal, the Pruitt Heirs contend the district court erred in construing our mandate so as to foreclose their ability to relitigate Counts III and VI, which were initially decided adversely to them and which were never at issue in any manner in *Molinary I.* In this regard, the Pruitt

Heirs continue to argue that our mandate should be construed as vacating the district court's *entire* final judgment, but only directing entry of final judgment on Count I. The basis for their asserted construction is that we did not explicitly state that our vacatur of the district court's final judgment was limited to Count I.

The Pruitt Heirs clearly misread our mandate in *Molinary I.* In no way did we vacate the entire final judgment of the district court. Rather, we only vacated the portion of the district court's final judgment that pertained to Count I. This makes perfect sense given that Counts III and VI were never at issue in any manner in *Molinary I.* Furthermore, when our entire mandate is read *in toto,* that we intended only to vacate the district court's final judgment with respect to Count I is clear.

■ On remand, a lower court may decide matters left open only insofar as they reflect proceedings consistent with the appellate court's mandate. *See Stamper v. Baskerville,* 724 F.2d 1106, 1108 (4th Cir.1984)(citing *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979)). Because our mandate did not vacate the district court's final judgment with respect to Counts III and VI, the Pruitt Heirs' argument that Counts III and VI are ripe for relitigation necessarily fails. Accordingly, we affirm the district court's final judgment in favor of Powell Mountain with respect to Count I and its striking this case from its docket.[5]

*AFFIRMED.*

---

**3.** Specifically, we stated: "We: (1) affirm the district court's denial of Powell Mountain's motion to dismiss; (2) vacate the district court's entry of judgment as to liability in favor of the Pruitt heirs; (3) vacate the district court's final judgment; and (4) remand with instructions that the district court enter summary judgment in favor of Powell Mountain." *Molinary I,* 125 F.3d at 238.

**4.** During the pendency of this litigation, Powell Mountain acquired all of the interests of the Pruitt Heirs in the Pruitt Tract.

**5.** Powell Mountain asserts several alleged alternative bases for affirmance. Given our disposition, we need not and do not address them.