R.G. JOHNSON COMPANY, INC., Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, et al., Defendants.

No. CIV.A. 97–00003(HHK).

United States District Court, District of Columbia.

Oct. 3, 2003.

William Henry Howe, MaryLou Smith, Howe, Anderson & Steyer, P.C., Washington, DC, for R.G. Johnson Co., Inc., plaintiff.

Peter Buscemi, Morgan, Lewis & Bockius, L.L.P., Washington, DC, for Carlton R. Sickles, defendant.

Margaret Scott Izzo, Morgan, Lewis & Bockius, LLP, Pittsburgh, PA, for Michael H. Holland, defendant.

## MEMORANDUM OPINION

KENNEDY, District Judge.

This case is before the court on remand from the United States Court of Appeals for the District of Columbia Circuit. In this action, plaintiff R.G. Johnson Company, Inc. ("New Johnson"), seeks a declaration that it is not obligated to pay health care premiums on behalf of certain beneficiaries of the United Mine Workers of America Combined Benefit Fund ("Combined Fund"), as well as an injunction preventing the Commissioner for Social Security ("Commissioner") from collecting payments.[1] *See R.G. Johnson & Co. v. Apfel,* 994 F.Supp. 10, 11 (D.D.C.1998). This court previously granted plaintiff's motion for summary judgment and the declaratory and injunctive relief requested. *See id.* at 18. The D.C. Circuit reversed this court's decision, however, and re-

manded for this court's consideration of other issues. *R.G. Johnson & Co. v. Apfel,* 172 F.3d 890, 895 (D.C.Cir.1999). Thereafter, a Supreme Court opinion, issued after the D.C. Circuit's reversal, interpreted the controlling law in plaintiff's favor and in accord with this court's previous judgment. Consequently, this court again grants plaintiff's motion for summary judgment.

## I. BACKGROUND

The facts and legal standards relevant to resolving this dispute are set forth in this court's Memorandum of February 11, 1998 and need not be repeated in detail here. The Coal Industry Retiree Health Benefit Act of 1992 ("Coal Act"), 26 U.S.C.A. § 9701 *et seq.*, makes "signatory operators" responsible for making payments to the Combined Fund on behalf of certain beneficiaries, usually former employees of signatories. When a signatory operator is no longer in business, a "related person" as defined in § 9701(c)(2)(A) must make payments instead. *See* 994 F.Supp. at 18. In 1995, after attempting to assign liability to R.G. Johnson's predecessor company, The R.G. Johnson Company ("Old Johnson"), which no longer existed, the Social Security Administration ("SSA") notified plaintiff that it was responsible for some beneficiaries who were former employees of Old Johnson. *See* 994 F.Supp. at 12. These events led to the present action.

This court granted plaintiff's motion for summary judgment, holding that plaintiff-as an alleged direct successor to a signatory operator (Old Johnson)-was not a related person and therefore not liable to make payments to the Combined Fund. Section

---

**1.** Plaintiff and defendant Trustees of the United Mine Workers of America Combined Benefit Fund settled their dispute by agreement and filed a joint motion of dismissal. This court granted the motion and dismissed, with prejudice, the action against Trustees on August 8, 2003 (Docket Item # 70), leaving the Commissioner of Social Security as the sole remaining defendant in this case.

9701(c)(2)(A) defines "related person" as (i) a member of a controlled group of corporations with a signatory operator, (ii) a business under common control with a signatory operator, (iii) any other person with a partnership or joint venture interest in a business in the coal industry with a signatory operator, and successors in interest to persons described in (i)-(iii). This court held that "the plain language of the statute clearly excludes plaintiff from liability" because plaintiff, as an alleged direct successor to Old Johnson, did not fall under any of the categories established by § 9701(c)(2)(A). 994 F.Supp. at 18.

The D.C. Circuit reversed, holding that "section 9701(c)(2)(A) must be construed to permit the assignment of a Fund beneficiary to the successor in interests of a signatory operator." *R.G. Johnson & Co. v. Apfel,* 172 F.3d 890, 895 (D.C.Cir.1999). The Court of Appeals found that § 9701(c)(2)(A) presented a rare situation in which the statutory text directly contradicted the drafters' intent. Therefore, direct successors were found to be "related persons" under the statute because Congress could not have intended to exclude them from Coal Act liability. *See id.* at 894. The D.C. Circuit reversed this court's order granting plaintiff's motion for summary judgment and remanded the case to be decided on other issues. *See id.* at 895-95.

In February 2002, the Supreme Court, in a different case, construed § 9701(c)(2)(A) of the Coal Act to exclude direct successors from the various categories of "related persons" to signatory operators. *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 462, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). In addition to analyzing the same statute at controversy in this case, *Sigmon Coal* involved nearly identical facts to those in the present case. *See id.* at 447-50, 122 S.Ct. 941. *Sigmon Coal*

affirmed a 4th Circuit decision that specifically acknowledged a split between the 4th Circuit and the D.C. Circuit on the construction of § 9701(c)(2)(A). *See Sigmon Coal Co. v. Apfel,* 226 F.3d 291, 303 (4th Cir.2000) (noting that the SSA urged the 4th Circuit to "follow *R.G. Johnson v. Apfel* ... of the [D.C.] Circuit" but that "[w]e cannot agree ... that a successor in interest to a signatory operator falls with the Coal Act's definition of 'related person.'").

## II. ANALYSIS

■ Under the mandate rule, a federal district court "'has no power or authority to deviate from the mandate issued by an appellate court.'" *Indep. Petroleum Ass'n of Am. v. Babbitt,* 235 F.3d 588, 596-97 (D.C.Cir.2001) (quoting *Briggs v. Pennsylvania R.R. Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948)). The court is therefore obliged to follow the mandate set by the D.C. Circuit, which here includes finding that a direct successor, such as New Johnson is alleged to be, is a related person for purposes of Coal Act liability. *See R.G. Johnson,* 172 F.3d at 894.

■ It is well-established, however, that a district court may disregard or deviate from an appellate mandate if a subsequent decision by the Supreme Court changes the controlling law and contradicts the "law-of-the-case" established by the Court of Appeals. *See* 18B WRIGHT, MILLER & COOPER, FED. PRAC. & PRO.: JURIS. 2D § 4478.3 at 746 (2d. ed. 2002) ("Some decisions recognize that a trial court may depart from the mandate to obey new law without first asking permission from the appellate court."); *Cameo Convalescent Center, Inc. v. Percy,* 800 F.2d 108, 110 (7th Cir.1986) (finding it proper for a federal district court to have disregarded an appellate mandate when a subsequent Supreme Court decision changed the controlling law); *Leggett v. Badger,* 798 F.2d

1387, 1388 (11th Cir.1986) (noting that a district court may act contrary to an court of appeals mandate "when controlling authority has been rendered, contrary to the law of the appellate decision"); *Morrow v. Dillard,* 580 F.2d 1284, 1292 (5th Cir.1978) (observing that a trial court must follow the "law of the case" established by an appellate court unless "controlling authority has since made a contrary decision of the law applicable to such issues."); *see also Rappa v. New Castle County,* 18 F.3d 1043, 1057 (3d Cir.1994) ("Obviously, the decisions of the Supreme Court are binding on this Court and constitute the law of the land.").

■ The Supreme Court has changed the controlling law in this case by construing § 9701(c)(2)(A) to exclude direct successors from the definition of "related person" and absolving them of Coal Act liability. *See Sigmon Coal,* 534 U.S. at 462, 122 S.Ct. 941. This court therefore finds, as it did before, that plaintiff, as an alleged direct successor to Old Johnson, is not a related person under the Coal Act, and that defendant Commissioner cannot collect payments from plaintiff on behalf of Combined Fund beneficiaries.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. An appropriate Judgment accompanies this Memorandum Opinion.

## JUDGMENT

For the reasons set forth in the Memorandum Opinion issued on this date, the court grants judgment for plaintiff. Accordingly, it is this 1st day of October, 2003, hereby

**ORDERED AND ADJUDGED** that defendant Commissioner is enjoined from as-

signing beneficiaries to plaintiff on the basis of the retirees' previous employment with plaintiff's predecessor, The R.G. Johnson Company; and that Commissioner must withdraw the assignment of beneficiaries under the Coal Act already made to plaintiff.