MERCEXCHANGE, L.L.C., Plaintiff,

v.

eBAY, INC. and Half.com, Inc., Defendants.

Civil Action No. 2:01cv736.

United States District Court, E.D. Virginia, Norfolk Division.

Dec. 11, 2007.

Brent Lee VanNorman, Gregory N. Stillman, Hunton & Williams, Norfolk, VA, Brian Mark Buroker, Emerson Vincent Briggs, III, Hunton & Williams, Washington, DC, Kenneth Reed Mayo, Reed Mayo Law Firm PC, Virginia Beach, VA, Thomas J. Cawley, Hunton & Williams, McLean, VA, for Plaintiff.

## ORDER AND OPINION

JEROME B. FRIEDMAN, District Judge.

Pending before the court is a motion to certify the judgment, filed by the plaintiff, MercExchange, L.L.C. (hereinafter "the plaintiff" or "MercExchange"), pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Also before the court are motions filed by the defendants, eBay, Inc., and Half.com, Inc. (hereinafter "the defendants" or "eBay"), seeking various remedies, including a motion for leave to file a supplemental answer, a motion seeking the requirement that MercExchange post a bond should the court certify the judgment, and a motion for Judgment as a Matter of Law ("JMOL") or a new trial on the '265 patent. The defendants have also filed two motions for leave to file supplemental memoranda in support of their motions for JMOL and leave to file an amended answer. Additionally, the plaintiff has filed a motion to strike the defendants' motions and a "suggestion" for sanctions.[1] On a related issue, the defendants have filed a motion for clarification, seeking confirmation that their counsel in this litigation is not violating the protective order by its conduct in the reexamination of the '265 patent. After examination of the briefs and record, this court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. The court, for the reasons stated fully herein, **GRANTS** the plaintiff's motion to certify the judgment on the '265 patent, and **DENIES** the defendants' motions for leave to file a supplemental answer, for a bond, for JMOL on the '265 patent, and for leave to file supplemental briefs. The court also **DENIES** the plaintiff's motion to strike and suggestion for sanctions, and **DENIES** the defendants' motion for clarification.

## I. Factual and Procedural History

Much of the factual and procedural history relevant to the consideration of the instant motions has been set forth in several of this court's previous orders, including orders entered on August 6, 2003, and July 27, 2007. *See MercExchange, L.L.C. v. eBay, Inc.,* 275 F.Supp.2d 695 (E.D.Va. 2003); *MercExchange, L.L.C. v. eBay, Inc.,* 500 F.Supp.2d 556 (E.D.Va.2007). In the latter order, this court indicated that it would "entertain appropriate motions regarding the post-appeal issues in the '265 patent dispute, including MercExchange's anticipated motion for entry of a final and enforceable judgment and motion for an accounting." *Id.* at 592. Accordingly, MercExchange filed the instant Motion to Certify Judgment Pursuant to Rule 54(b) on July 30, 2007. eBay filed a brief in opposition on August 10, 2007, in which it also requested that, should the court grant MercExchange's motion, the court also require MercExchange to post a bond as security. MercExchange filed a reply brief on August 15, 2007, and filed an opposition brief to eBay's motion for a bond on August 21, 2007. eBay then filed a reply brief in support of its motion for a bond on August 24, 2007.

eBay filed a motion for judgment as a matter of law or for a new trial on the '265 patent on August 10, 2007, and filed a motion for leave to file a supplemental answer on August 15, 2007. Instead of filing direct responses to these motions,

---

1. Apparently in an attempt to ingratiate itself to the court, MercExchange indicated that it was not "moving" for sanctions, but rather merely "suggesting" that the court sanction eBay *sua sponte.* Despite the novelty of this approach, it is clear that MercExchange is in fact requesting sanctions.

MercExchange filed, on August 21, 2007, a motion to strike eBay's filings and a suggestion for sanctions.[2] Treating the motion to strike as an omnibus response brief, eBay filed reply briefs in support of its motions for JMOL and for leave to file a supplemental answer on August 24, 2007. Additionally, eBay filed a motion for leave to file a supplemental brief in support of its motion for JMOL or a new trial on November 9, 2007. eBay also filed a motion for leave to file a supplemental brief in support of its motion for leave to file a supplemental answer on the same date. MercExchange filed separate briefs in opposition to these two motions on November 19, 2007, and eBay filed reply briefs in support on November 23, 2007. eBay also filed, on September 27, 2007, a motion for clarification that its litigation counsel was not violating the protective order. MercExchange responded in opposition on October 9, 2007, and eBay filed a reply brief on October 12, 2007. Accordingly, MercExchange's motion to certify the judgment and eBay's motion for a bond, motion for judgment as a matter of law, motion for leave to file a supplemental answer, and motions for leave to file supplemental briefs are all ripe for the court's consideration. Furthermore, the court also addresses MercExchange's motion to strike and suggestion for sanctions and eBay's motion for clarification.

## II. Standard of Review

### A. Motion to Certify Judgment

■ Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim [or] counterclaim ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

FED.R.CIV.P. 54(b). In determining the finality of a claim, a "court's judgment is final where it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *W.L. Gore & Assocs. v. Int'l Med. Prosthetics Research Assocs., Inc.,* 975 F.2d 858, 863 (Fed.Cir.1992) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

As the Supreme Court has held:

Rule 54(b), in its amended form, is a comparable exercise of the rulemaking authority of this Court. It does not supersede any statute controlling appellate jurisdiction. It scrupulously recognizes the statutory requirement of a 'final decision' under [28 U.S.C.] § 1291 as a basic requirement for an appeal to the Court of Appeals. It merely administers that requirement in a practical manner in multiple claims actions and does so by rule instead of by judicial decision. By its negative effect, it operates to restrict in a valid manner the number of appeals in multiple claims actions.

*Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

### B. Motion for a Bond

■ The district court is entitled to exercise its inherent authority to impose a bond requirement on a party before it. *See, e.g., HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.,* 847 F.2d 908, 916 (1st Cir.1988) (noting the rule "that federal courts have the authority to

---

**2.** In its motion to strike, MercExchange directly addresses several of eBay's motions, but only insofar as to argue that they are time-barred and frivolous.

preserve a fund or property which may be the subject of a final decree is well established"). That authority, however, must operate in the confines of other rules and procedural requirements dealing with the finality of judgments. *See, e.g., Pedraza v. United Guar. Corp.,* 313 F.3d 1323, 1335 (11th Cir.2002) (noting that the district court had to make explicit findings of fact in order to use its inherent authority to require a party to post a bond covering the adverse party's attorneys' fees).

### C. Motion for Leave to File a Supplemental Answer

■ Federal Rule of Civil Procedure 15(d) authorizes a court to permit a party, on its motion, "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). Like a motion to amend a pleading under Rule 15(a), leave to file a supplemental pleading "should be freely granted." *Franks v. Ross,* 313 F.3d 184, 198 n. 15 (4th Cir. 2002). Although such motions should be allowed, they may be denied if "some particular reason for disallowing them appears." *New Amsterdam Cas. Co. v. Waller,* 323 F.2d 20, 29 (4th Cir.1963). *See also Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.,* 464 F.3d 1339, 1353 (Fed.Cir.2006) ("[L]eave to amend may be denied if the court finds that there has been undue delay that would prejudice the nonmoving party, that the moving party has acted in bad faith, or that the amendment would be futile.") (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

### D. Motion for Judgment as a Matter of Law or for a New Trial

■ Federal Rule of Civil Procedure 50(a) provides, in pertinent part:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1). JMOL should not be granted unless

> (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only be the result of sheer surmise and conjecture or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair-minded men could not arrive at a verdict against him.

*Jamesbury Corp. v. Litton Indus. Prods. Inc.,* 756 F.2d 1556, 1558 (Fed.Cir.1985). When ruling on a motion for JMOL, a judge "must consider all the evidence in a light most favorable to the non-mover, must draw reasonable inferences favorable to the non-mover, must not determine credibility of witnesses, and must not substitute its choice for that of the jury between conflicting elements in the evidence." *Perkin–Elmer Corp. v. Computervision Corp.,* 732 F.2d 888, 893 (Fed. Cir.1984) (internal citations omitted).

■ Under Federal Rule of Civil Procedure 59, a court is authorized to grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed.R.Civ.P. 59(a). The Fourth Circuit has held that Rule 59 requires a trial judge "to set aside the verdict and grant a new trial, if he is of the opinion

that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice." *Williams v. Nichols,* 266 F.2d 389, 392 (4th Cir.1959) (quoting *Aetna Cas. & Sur. Co. v. Yeatts,* 122 F.2d 350, 352 (4th Cir.1941)). *See also Georgia–Pacific Corp. v. U.S. Gypsum Co.,* 195 F.3d 1322, 1333 (Fed.Cir.1999). Pursuant to Rule 59(b), "[a]ny motion for new trial shall be filed no later than 10 days after entry of the judgment."

### III. Discussion

#### A. Motion to Certify the Judgment

As MercExchange notes, a jury of this court found that the defendants willfully infringed on the '265 patent and awarded damages to MercExchange in the amount of $25,000,000.00. *MercExchange, L.L.C. v. eBay, Inc.,* 275 F.Supp.2d 695, 698–99 (E.D.Va.2003). Those findings were upheld in the face of eBay's motion for JMOL. *Id.* at 704. On appeal to the Federal Circuit, that court affirmed the jury's verdict and this court's judgment. *MercExchange, L.L.C. v. eBay, Inc.,* 401 F.3d 1323, 1326 (Fed.Cir.2005).[3] eBay did not appeal the validity or infringement of the '265 patent to the Supreme Court. Petition for a Writ of Certiorari, *eBay,* 126 S.Ct. 1837, *available at* 2005 WL 1801263 (indicating that the question presented was: "Whether the Federal Circuit erred in setting forth a general rule in patent cases that a district court must, absent exceptional circumstances, issue a perma-

nent injunction after a finding of infringement").[4]

Accordingly, MercExchange argues that the portions of the jury's verdict relating to the validity of the '265 patent and its infringement by eBay are final, and there is nothing left for the court to do but execute the judgment. eBay, however, argues that certification at this time would be improper, because MercExchange's "claim" on the '265 patent is not final while the issues of post-judgment accounting, legal fees, and others remain. eBay further contends that, even if the judgment were final, MercExchange has failed to meet its burden of demonstrating that the case is worthy of certification under Rule 54(b). Finally, eBay argues that several of its motions need to be addressed prior to certification. MercExchange responds by contending that the jury's finding of validity and infringement of the '265 patent by eBay is final and easily severable from the remainder of the issues, which address post-judgment remedies.

■ A cursory review of case law pertaining to Rule 54(b) certification indicates that the rule has largely been used as a vehicle for certifying a portion of a judgment in order that it might be appealed immediately, even while the rest of a case remains pending. *See, e.g., SafeTCare Mfg., Inc. v. Tele–Made, Inc.,* 497 F.3d 1262, 1267 (Fed.Cir.2007) ("For a judgment to be appealable to this court, the district court must issue a judgment that

---

**3.** The court notes that the Federal Circuit did reverse a small portion of the verdict as to the '265 patent, which related to whether eBay was liable for inducing ReturnBuy, Inc. to infringe on the '265 patent. *MercExchange, L.L.C. v. eBay, Inc.,* 401 F.3d 1323, 1333 (Fed.Cir.2005). For the purposes of this order, however, the court will refer to the Federal Circuit as having affirmed the jury's verdict on the '265 patent.

**4.** In granting certiorari, the Court also instructed the parties to brief and argue the question of "[w]hether this Court should reconsider its precedents, including *Continental Paper Bag Co. v. Eastern Paper Bag Co.,* 210 U.S. 405, 28 S.Ct. 748, 52 L.Ed. 1122 (1908), on when it is appropriate to grant an injunction against a patent infringer." *eBay, Inc. v. MercExchange, L.L.C.,* 546 U.S. 1029, 126 S.Ct. 733, 163 L.Ed.2d 567 (2005).

decides or dismisses all claims and counterclaims for each party or that makes an express Rule 54(b) determination that there is no just reason for delay."). Nonetheless, the motion is apposite in a case such as this, where there has been a final jury determination as to the validity of the '265 patent and eBay's infringement of that patent, the jury's verdict has been upheld on appeal to the Federal Circuit, and the issue was not joined on appeal at the Supreme Court. Although eBay argues that MercExchange is attempting to "have it both ways," in that MercExchange desires the certification while also moving for certain post-judgment remedies, this contention ignores the very reason that Rule 54(b) exists—to permit a judgment that has been entered on one claim to be finalized without disrupting the claims that continue to be adjudicated.[5] Rather, it is eBay that is attempting to forestall payment on a judgment that has long since been finalized and can no longer be appealed. Despite eBay's suggestion that the court conceptualize as one "claim" the various demands for relief on the '265 patent that MercExchange has submitted, this the court is unwilling to do. In fact, there remains nothing left for the court to do vis-à-vis the judgment but to certify it.

Indeed, the fact that MercExchange has requested a post-judgment accounting for what it claims is continued infringement of the '265 patent fails to alter the finality of the jury's verdict with regard to validity and infringement. While eBay continues to hold to the theory that action by the Patent and Trademark Office might somehow invalidate a jury verdict that has been affirmed by the Federal Circuit, this is the same reasoning that eBay proffered in support of its motion for a stay on the '265 patent proceedings. This court, in detailed terms, rejected eBay's contentions and accordingly declined to impose a stay. *MercExchange, L.L.C. v. eBay, Inc.,* 500 F.Supp.2d 556, 562–65 (E.D.Va.2007).[6] eBay's argument in opposition to the certification of judgment is, quite clearly, an attempt to do by indirect means that which it could not do directly: stay the enforcement of judgment on the '265 patent.

Judgment on the jury's verdict was entered in this court on August 6, 2003. The jury's determinations with regard to the '265 patent were affirmed on appeal by the Federal Circuit on March 16, 2005. eBay did not raise these issues in its petition for *certiorari* to the Supreme Court, and thus, the judgment as to the validity and infringement of the '265 patent was confirmed as final. Because the court finds that the jury's determination of validity and infringement on the '265 patent, and its award of money damages as compensation for eBay's infringement is final within the meaning of Rule 54(b), and because there is no just reason for delay, the court directs entry of judgment on the verdict pursuant to Federal Rule of Civil Procedure 54(b).

## B. Motion for a Bond

In responding to MercExchange's motion for certification of judgment on the

---

**5.** eBay's argument that the judgment cannot be final while issues of accounting remain descends to the tautological: a judgment is final only when it is final. Yet such an interpretation would strip Rule 54(b) of any significance as a vehicle for expediting the execution of judgments while other issues remain.

**6.** The court contrasted the procedural stance of the '265 patent with that of the '051 patent,

noting that "unlike the alleged infringement of the '051 patent, which never reached a jury, after a five-and-a-half week jury trial, the '265 patent was deemed valid and infringed, and a $25 million damage award for such infringement was affirmed by the Federal Circuit and *is now final.*" *MercExchange, L.L.C. v. eBay, Inc.,* 500 F.Supp.2d 556, 563 (E.D.Va.2007) (emphasis added).

'265 patent, eBay filed a cross-motion requesting that, were the court inclined to certify the judgment, it require MercExchange to first post a bond as security. eBay argues that a bond is required to ensure that MercExchange will be able to repay eBay, should the PTO determine during the reexamination process that the '265 patent is invalid. eBay points to MercExchange's well-documented history of distributing the proceeds of judgments or settlements to its principals and claims that, should the ultimate result of the reexamination process require that the judgment be reversed, MercExchange will likely be unable to repay eBay unless it secures its position with a bond. MercExchange argues that to require the prevailing party to post a bond to collect on its judgment would be unprecedented in the history of litigation, and urges the court to deny eBay's motion.

eBay principally relies on the contention that the Supreme Court's recent decision in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007) mandates that the '265 patent be declared invalid. This contention also forms the basis for eBay's motion for JMOL or a new trial, addressed *infra* at Part III.D. eBay cites as support for its motion *Pedraza v. United Guar. Corp.*, 313 F.3d 1323 (11th Cir.2002), and *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389 (D.D.C. 2005), both of which hold to the principle that a court has the inherent power to require the posting of a bond where deemed necessary. However, as MercExchange notes, neither *Pedraza* nor *Capital Yacht* involve a court requiring a prevailing party to post a bond.[7] Although eBay suggests that the court may still use its inherent authority to require MercExchange to post a bond, eBay's failure to cite to a single case in which a court imposed such a requirement is significant in considering whether the court should do so in this case.[8]

█ It is true that this court has previously noted that *KSR* appears to have significantly reduced the likelihood that the '265 patent will enjoy continued validity. *See, e.g. MercExchange, L.L.C. v. eBay, Inc.*, 500 F.Supp.2d 556, 574–75 (E.D.Va.2007) ("Applied to the instant facts, the *KSR* opinion reduces the likelihood that the '265 patent will survive reexamination as the PTO's prior non-final actions were issued prior to *KSR*, which plainly raised the bar as to what qualifies as non-obvious."). However, contrary to eBay's contentions, it does not necessarily follow that the invalidation of the patent means the invalidation of the damages award. Indeed, that question remains far from settled, and its line of reasoning was rejected by this court when eBay proffered it in support of its motion for a stay of the proceedings on the '265 patent. *Id.* at

---

7. eBay engages in a protracted discussion focused on whether MercExchange is the "prevailing party" in the instant litigation, including largely irrelevant discussion of the limited success that MercExchange has had in its allegations regarding the '176 and '051 patents. Yet as much as eBay may not like the fact, it must admit that the '265 patent remains valid and the jury's determination of infringement has been affirmed by the Federal Circuit. Therefore, MercExchange remains the prevailing party on the '265 patent.

8. Indeed, the court in *Pedraza*, addressing the district court's exercise of its inherent power to require a party to post a bond for the prevailing party's attorneys' fees, held that such a requirement had to be justified under an exception to the American Rule of attorneys' fees. *Pedraza*, 313 F.3d at 1335. Thus, to justify requiring MercExchange to post a bond covering the judgment itself—and not simply attorneys' fees—would require a set of exceptional facts not found in this case.

564–65.[9] Even assuming that a completed reexamination by the PTO finds the '265 patent to be invalid, an administrative appeal to the Board of Patent Appeals and Interferences ("BPAI") would no doubt follow, as would an ultimate appeal to the Federal Circuit, both of which could take years to complete. *Id.* The remoteness of a final ruling on the issue from the Federal Circuit counseled against the grant of a stay of these proceedings and the same logic counsels against the imposition of a bond requirement in order for MercExchange to collect its judgment.

Because requiring MercExchange to post a bond in order to collect on a judgment that was issued more than four years ago would fly in the face of the finality that the court intends to impose by certifying that judgment, the court will not impose such a requirement on MercExchange.

## C. Motion for Leave to File a Supplemental Answer

eBay requests leave to file a supplemental answer, pursuant to Federal Rule of Civil Procedure 15(d), and argues that MercExchange has engaged in inequitable conduct during the '265 patent reexamination process, rendering the '265 patent unenforceable.

■ Although eBay cites *City of Texarkana v. Arkansas, Louisiana Gas Co.*, 306 U.S. 188, 203, 59 S.Ct. 448, 83 L.Ed. 598 (1939), for the proposition that the filing of a supplemental pleading may be permitted

after a case has been remanded for further proceedings, that decision is inapposite, as the instant case was remanded solely in order to address the issue of a permanent injunction. Although eBay, as it must, rests its entire motion to file a supplemental answer on the premise that the Federal Circuit vacated the entire judgment of this court[10] in remanding the case, the premise is demonstrably false. In several of its pleadings with the court, eBay notes that the final phrase of the Federal Circuit's order of July 6, 2006, remanding the case to this court, states "[t]he judgment of the district court is vacated and the case is remanded...." However, eBay ignores the remainder of the sentence, which directs that the case be remanded "to the district court for further proceedings consistent with the opinion of the United States Supreme Court in *eBay, Inc., et al. v. MercExchange, L.L.C.*, (2006)." *MercExchange, L.L.C. v. eBay, Inc.*, 188 Fed. Appx. 993, 993 (Fed.Cir.2006). Because the Supreme Court's opinion addressed exclusively the issue of the propriety of the "general rule" that an injunction should issue in patent cases upon a finding of validity and infringement, the issue of the jury's finding of validity and infringement on the '265 patent *vel non* was not addressed by a court subsequent to the Federal Circuit's 2005 affirmance.

This is confirmed by the remainder of the Federal Circuit's opinion on remand from the Supreme Court, in which it held:

**9.** This court noted the limited precedential value of the Federal Court's decision in *Standard Havens Products, Inc. v. Gencor Indus.*, 996 F.2d 1236, 1993 WL 172432 (Fed.Cir. 1993) (unpublished), which eBay had argued supported the imposition of a stay. *MercExchange, L.L.C. v. eBay, Inc.*, 500 F.Supp.2d 556, 564–65 (E.D.Va.2007).

**10.** It is unclear to the court what eBay believes the precise effect of the Federal Circuit's remand opinion to have been on the procedural posture of this case, although per-

haps eBay believes that the entire judgment was vacated, but the case remanded in order for this court to simply re-enter judgment on the jury's verdict. Of course, such a position runs contrary to the actual language used by the Federal Circuit, which remands for further proceedings consistent with the Supreme Court's opinion, which had only addressed the issue of a permanent injunction. *See MercExchange, L.L.C. v. eBay, Inc.*, 188 Fed.Appx. 993 (Fed.Cir.2006).

The Supreme Court's mandate indicates that the case is remanded to us so as to enable the district court to apply the proper framework for considering injunctive relief "in the first instance." That directive is best honored by remanding this case to the district court without further proceedings in this court at this time. The district court's decision whether to grant or deny injunctive relief will, of course, be subject to further review by this court.

*Id.*

eBay declines to explain why, having affirmed the findings of validity and infringement on appeal, the Federal Circuit would find it necessary to reverse course as to the '265 patent and vacate the judgment in its entirety. The logical explanation is, of course, that the Federal Circuit was not vacating the entirety of this court's decision vis-à-vis the '265 patent, but was instead, in accordance with the directive of the Supreme Court, vacating this court's decision only as it pertained to the denial of a permanent injunction against eBay, the only portion of the decision that the Court addressed.[11] This interpretation is borne out in the fact that, subsequent to the remand from the Federal Circuit, the parties briefed and argued before this court the issue of whether a permanent injunction should issue. *Mer-cExchange, L.L.C. v. eBay, Inc.*, 500 F.Supp.2d 556, 559 (E.D.Va.2007) ("Currently before the court are plaintiff's, MercExchange, L.L.C., renewed motion for entry of a permanent injunction and defendants', eBay, Inc. and Half.com, Inc., motion to stay the proceedings of both the '265 and '051 patent disputes; the court held oral argument on both motions."). Had the judgment been vacated in its entirety, as eBay claims, then the jury's finding of validity and infringement would not have existed, eliminating the basis for MercExchange's renewed motion for a permanent injunction. Yet this court had the authority to entertain the issue of a permanent injunction precisely because the Federal Circuit had left intact the jury's findings on the '265 patent.[12] Indeed, as noted *supra*, the Federal Circuit explicitly remanded the case to this court for consideration of whether a permanent injunction should issue. eBay expects this court to believe that the Federal Circuit, in the span of a single-page opinion, at once vacated the entirety of the judgment and remanded the case to permit this court to consider an issue that was premised on the very existence of that judgment.

eBay also fails to explain how a three-judge panel of the Federal Circuit, in an unpublished one-page decision, could reverse its own previously-issued published

---

11. Indeed, there is no dispute that the Supreme Court only addressed the issue of whether a permanent injunction generally should issue in a patent case upon a finding of validity and infringement. *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006) ("Following the jury verdict, the District Court denied MercExchange's motion for permanent injunctive relief. The Court of Appeals for the Federal Circuit reversed, applying its general rule that courts will issue permanent injunctions against patent infringement absent exceptional circumstances. We granted certiorari to determine the appropriateness of this general rule.") (internal quotation and citations omitted).

12. eBay refers to MercExchange's motion as a "renewed motion for a *preliminary* injunction." Memorandum in Support of Motion for JMOL, Dkt. No. 707, at 4 (emphasis added). Of course, nothing in the pleadings related to the motion treat the motion as one for anything but a permanent injunction, and the court's opinion is clear in its denial of MercExchange's "renewed motion for entry of a permanent injunction." *MercExchange, L.L.C. v. eBay, Inc.*, 500 F.Supp.2d 556, 591 (E.D.Va.2007).

opinion, in violation of Circuit precedent. *See, e.g., Vas–Cath, Inc. v. Mahurkar,* 935 F.2d 1555, 1563 (Fed.Cir.1991) ("[D]ecisions of a three-judge panel of this court cannot overturn prior precedential decisions."); *Kimberly–Clark Corp. v. Fort Howard Paper Co.,* 772 F.2d 860, 863 (Fed.Cir.1985) ("[A] panel of this court is bound by prior precedential decisions unless and until overturned *in banc.*"). Although eBay suggests that the Supreme Court vacated the entire judgment of the Federal Circuit, and therefore the Court of Appeals, in addressing the issue on remand, was merely complying with the mandate of the higher court, both the facts and the wording of the relevant opinions in this matter fail to support this theory.

The supplemental answer that eBay has proposed to be filed adds the defense of unenforceability as a result of alleged inequitable conduct by MercExchange during the PTO's reexamination of the '265 patent. Although inequitable conduct may indeed operate as a bar to a successful patent infringement suit, the defense of unenforceability is immaterial at this juncture of the case, because the jury has determined that the '265 patent is valid and infringed, and that portion of the jury's verdict remains undisturbed.[13] Because, contrary to eBay's contentions, the Federal Circuit did not vacate the judg-ment of this court in its entirety, eBay is not entitled to file a supplemental answer, as judgment is final with respect to the jury's finding of validity and infringement on the '265 patent and permitting eBay to file its proposed supplemental answer would be futile.

### D. Motion for JMOL or a New Trial

 eBay has also filed a motion for judgment as a matter of law or for a new trial, and claims that the Supreme Court's decision in *KSR Int'l Co. v. Teleflex, Inc.,* 550 U.S. 398, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007), demonstrates that the '265 patent is invalid for obviousness as a matter of law. eBay also argues that the standard for willful violation of a statute was changed by *Safeco Ins. Co. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007), which required that willfulness be found only in the absence of an objectively reasonable dispute on the law.[14] eBay further notes that the Federal Circuit, in *In re Seagate Tech., L.L.C.,* 497 F.3d 1360, 1370–72 (Fed.Cir.2007), applied the standard of *Safeco* to the patent context, in the process overruling the standard for willful infringement it had set forth in *Underwater Devices, Inc. v. Morrison–Knudsen Co.,* 717 F.2d 1380, 1389–90 (Fed.Cir. 1983).[15] While eBay is correct in noting

---

**13.** The court notes that, had eBay sought a reexamination of the '265 patent at a prior point in the litigation, it might have been free to argue that MercExchange's conduct required a finding of unenforceability.

**14.** *Safeco* addresses the standard for willfulness in the context of the Fair Credit Reporting Act, 15 U.S.C. § 1681(n). Nevertheless, the Court made clear that the common-law definition of willfulness includes reckless disregard of the law, and such recklessness must be evaluated under an objective standard. *Safeco,* 127 S.Ct. at 2215–16. While *Safeco* and its progeny may require a change in the way district courts address willful infringe-ment in patent cases, its holding is inapplicable to the instant case, in which the judgment remains undisturbed on remand.

eBay also cites *Knorr–Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.,* 383 F.3d 1337 (Fed.Cir.2004), in which the Federal Circuit held that a defendant's failure to produce advice from counsel as to willfulness would not support the adverse inference that no opinion of counsel was obtained or that the opinion obtained was unfavorable. *Id.* at 1344–45.

**15.** Despite the probable effects of *Seagate* on the future of patent cases involving claims of willful infringement, eBay cannot demon-

that these and other recent decisions have announced a sea change in patent litigation, eBay's request for JMOL or a new trial must fail because judgment has already been entered as to the validity and infringement of the '265 patent, and such judgment was affirmed by the Federal Circuit after eBay's appeal.

As discussed *supra*, eBay relies upon the unfounded and mistaken premise that this court's judgment was vacated in its entirety by the Federal Circuit. eBay points to recent opinions of the Federal Circuit in which that court, in no uncertain terms, vacated judgments only in part. That the Federal Circuit has the power to issue partial vacations is not in dispute, but to infer, as eBay has, that the absence of the words "in part" from the Federal Circuit's opinion on remand forecloses the possibility that the judgment was not entirely vacated is to miss the forest for the trees. Indeed, of the three cases cited by eBay in support of this proposition, none were on remand with instructions from the Supreme Court. *See RFR Indus. v. Century Steps, Inc.*, 477 F.3d 1348 (Fed.Cir. 2007) (reversing in part and vacating in part after appeal from district court); *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027 (Fed.Cir.2006) (affirming in part, vacating in part, and remanding after appeal from district court); *Impax Labs.,*

*Inc. v. Aventis Pharms., Inc.*, 468 F.3d 1366 (Fed.Cir.2006) (same). That the Federal Circuit's one-page order on remand would not need to include the phrase "vacated in part," is readily apparent from the fact that a single issue—the propriety of a permanent injunction against eBay—was before it on remand from the Supreme Court.[16]

In arguing that an intervening change in controlling law requires this court to grant JMOL in favor of eBay on the '265 patent, eBay cites the "mandate rule," which requires that a lower court, upon receipt of a mandate from a higher court, may generally not consider issues that have already been laid to rest. *See, e.g., Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 698 (Fed.Cir.2001). Yet eBay neglects to make the connection between the mandate rule's requirement that the Federal Circuit only consider the propriety of a permanent injunction and the fact that the Federal Circuit did not and could not have vacated more than what was before it. Accordingly, whether *KSR* or other cases announced a change in the controlling law is immaterial to this case, because the change was not intervening; that is, it did not occur while the issues of infringement and validity of the '265 patent were still unsettled.

strate that *Seagate*'s doctrine can be applied retroactively in this case. Further, the issue of willful infringement, even reconsidered under the light of *Safeco* and *Seagate*, is by no means clearly settled in eBay's favor. Despite eBay's claims that the jury was instructed on a subjective standard, the actual instruction indicated that MercExchange was required to prove that eBay "did not have a *reasonable* belief either that the patents were invalid or that they did not infringe the patent." Dkt. No. 544, Instruction 19 (emphasis added). The inclusion of the qualifying term "reasonable" to modify eBay's beliefs demonstrates that an objective standard was in fact applied. Accordingly, even if the argument were permissible at this stage of the litigation, eBay

would be unable to meet the standard required for JMOL on the issue of willfulness.

**16.** In the same way, the Supreme Court's opinion in this case concludes, "[W]e vacate the judgment of the Court of Appeals, and remand for further proceedings consistent with this opinion." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S.Ct. 1837, 1841, 164 L.Ed.2d 641 (2006). Yet no serious argument can be made that the Court was vacating the entirety of the Federal Circuit's prior opinion, for the simple fact that only a limited portion of that opinion had been considered by the Supreme Court.

eBay cites *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789 (7th Cir.2005), as an example of a situation in which it was proper for the district court to disregard the mandate rule in light of an intervening change in controlling law. However, in that case, the district court had granted summary judgment in favor of Sears on an employment discrimination claim, concluding that there was no genuine issue of material fact with respect to whether the employee was disabled. *Id.* at 792. The Seventh Circuit reversed the grant of summary judgment and remanded the case to the district court for further proceedings. *E.E.O.C. v. Sears, Roebuck & Co.*, 233 F.3d 432, 441 (7th Cir.2000). On remand, the district court concluded that a change in the standard for determining whether an employee was disabled required the court to again grant summary judgment in favor of the employer, Sears, in spite of the mandate from the Court of Appeals. *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 792 (7th Cir.2005). On appeal to the Seventh Circuit again, the grant of summary judgment was affirmed in light of the district court's reasonable determination that an intervening change in the law had occurred. *Id.* at 796. Critical to the legality of the district court's decision to ignore the Seventh Circuit's mandate was the fact that the question of summary judgment was again properly before it on remand. *See E.E.O.C. v. Sears, Roebuck & Co.*, 2004 WL 784803, *1 (N.D.Ill.2004) (unpublished) ("This case was remanded in order for the court to undertake a "more searching analysis" as to Sears' alternative reasons for summary judgment."). Had the circumstances been different and the district court's initial grant of summary judgment been affirmed by the Seventh Circuit, but the case remanded for consideration of a different issue, the district court would have acted outside its authority in addressing the issue of summary judgment again on remand.[17]

The remainder of eBay's proffered cases stand on similarly disparate procedural postures. *See Ad–Vantage Telephone Directory Consultants, Inc. v. GTE Directories Corp.*, 943 F.2d 1511 (11th Cir.1991) (district court overrode mandate regarding issue of punitive damages in light of intervening change in Florida law); *R.G. Johnson Co., Inc. v. Barnhart*, 286 F.Supp.2d 35 (D.D.C.2003) (after Court of Appeal reversed grant of summary judgment, district court again granted summary judgment on remand, in light of intervening change in controlling law). In neither of these cases did the district court evaluate elements of the case that were not part of the mandates on remand. Rather, they contravened the direction of the Courts of Appeals with regard to specific legal issues on the basis of intervening changes in the law. This court lacks authority to contravene the direction of the Federal Circuit with respect to the validity and infringement of the '265 patent for the simple fact that the Federal Circuit's mandate is limited exclusively to the issue of a permanent injunction. eBay clearly understands that, without the conclusion that this court's entire decision was vacated, it cannot prevail on its motion for JMOL or a new trial. However, it is abundantly clear that the

---

**17.** eBay does not simply request that this court disregard the mandate of the Federal Circuit in light of *KSR* and other recent changes in the law. Rather, eBay contends that the Federal Circuit's mandate is much broader than is actually the case. Despite the fact that the Federal Circuit ordered the case to be "remanded to the district court for further proceedings consistent with the opinion of the United States Supreme Court in *eBay, Inc., et al. v. MercExchange, L.L.C.*, (2006)," *MercExchange, L.L.C. v. eBay, Inc.*, 188 Fed.Appx. 993, 993 (Fed.Cir.2006) (unpublished), eBay seeks to have this court address elements of the case that were never addressed by the Supreme Court.

jury's determination as to the validity of the '265 patent and its infringement by eBay remains undisturbed. Accordingly, eBay cannot prevail on its motion for JMOL or a new trial.

This court has previously acknowledged the effect that *KSR* had on the issue of obviousness in patent cases in general and on the continued validity of the '265 patent in particular. *See, e.g., MercExchange, L.L.C. v. eBay, Inc.*, 500 F.Supp.2d 556, 574–75 (E.D.Va.2007) ("Applied to the instant facts, the *KSR* opinion reduces the likelihood that the '265 patent will survive reexamination as the PTO's prior non-final actions were issued prior to *KSR*, which plainly raised the bar as to what qualifies as non-obvious."). However, the court's speculation as to *KSR*'s effect on the validity of the '265 patent was entirely related to the PTO's reexamination process. *See id.* at 581 ("*KSR* reveals the Supreme Court's reservations regarding patents similar to the '265 [and] the PTO twice issued interim actions rejecting all claims in the '265 patent as obvious prior to the issuance of *KSR*."); *id.* at 584 ("[T]he continued validity of the '265 patent remains in doubt, especially in light of *KSR*."); *id.* at 591 ("[T]here is a distinct possibility that the '265 patent will be invalidated through reexamination as two PTO interim office actions rejected all claims of the '265 as obvious; such interim actions were issued prior to the Supreme Court's *KSR* opinion which cast further doubt on the continued validity of the '265 patent.").

This court also clearly noted that "the '265 patent is presently valid and enforceable." *Id.* at 586. Accordingly, whether *KSR* should require the invalidation of the '265 patent is a question that is being answered by the PTO in the reexamination process. It is not a question that can be answered by this court at this juncture, because to answer it would be to disregard

the finality of the judgment that was issued by the jury at trial, affirmed by the Federal Circuit on appeal, and not disturbed on remand. Therefore, eBay's motion for JMOL or a new trial must be denied.

### E. Motions for Leave to File Supplemental Memoranda

eBay's recently-filed motions request leave of court in order to file supplemental briefs in support of both its motion for JMOL or a new trial and its motion for leave to file a supplemental answer. In its motion for leave to supplement its motion for JMOL, eBay also seeks to introduce argument regarding MercExchange's alleged position before the Federal Circuit on the appeal of this court's denial of a permanent injunction. eBay also cites a recent decision in which a district court determined that it still held jurisdiction to reconsider or re-open issues in a patent case that had been appealed so long as an accounting still remained. *Informatica Corp. v. Bus. Objects Data Integration, Inc.*, 527 F.Supp.2d 1076 (N.D.Cal.2007). However, while this case addresses the contention raised by MercExchange that eBay is time-barred from filing its most recent motion for JMOL, it does not stand for the proposition that a district court is free to disregard the finality of an issue that has been affirmed by the Court of Appeals and not addressed by the Supreme Court.

eBay also suggests that the Federal Circuit's recent decision in *In re Seagate Tech., L.L.C.*, 497 F.3d 1360 (Fed.Cir. 2007), which announced a heightened standard for willful infringement, further supports the entry of judgment as a matter of law in favor of eBay as to the '265 patent. However, eBay simply cannot avoid the procedural barriers to this court re-addressing an issue that was previously de-

cided, affirmed on appeal, and not disrupted on remand. Accordingly, permitting eBay to file a supplemental memorandum would be futile, and therefore leave to file must be denied.

In the same vein, eBay seeks leave to file a supplemental memorandum in support of its motion for leave to file a supplemental answer. As MercExchange points out, eBay is now requesting leave of court in order to supplement a motion for leave of court in order to supplement its answer. In its motion, eBay cites a recent Federal Circuit decision addressing the issue of inequitable conduct. *Nilssen v. Osram Sylvania, Inc.*, 504 F.3d 1223 (Fed.Cir. 2007), and argues that the case further validates its claim that MercExchange has forfeited the right to enforce the '265 patent by engaging in inequitable conduct during the PTO reexamination.[18] Yet eBay cannot avoid the fact that a supplemental answer would be fruitless where, as here, the validity of the '265 patent and its infringement by eBay have been determined by a jury of this court, affirmed on appeal by the Federal Circuit, and remained undisturbed on remand to this court. Thus, granting eBay leave to file its proposed supplemental brief would be fruitless, and eBay's motion must be denied.

### F. Motion to Strike

■ As noted *supra*, in lieu of filing separate briefs directed in response to several of eBay's motions, MercExchange instead filed an omnibus motion to strike and a "suggestion" for sanctions. MercExchange argues simply that this court invited it to file a motion for accounting and a motion to certify the judgment under Rule 54(b), and therefore any other motions filed be eBay are unauthorized and inappropriate. Accordingly, MercExchange requests that the court summarily dismiss eBay's motions, or, in the alternative, permit MercExchange a thirty-day extension in which to file response briefs to the motions. However, because eBay did not need the court's permission to file the motions that it has filed, and because eBay's motions had at least an arguable basis in law, this court finds summary dismissal of eBay's motions inappropriate. Nonetheless, because eBay's arguments are legally insufficient to achieve the results that it desires, the court has rejected each of eBay's motions that it has considered in this opinion. Therefore, the court sees no need to permit MercExchange additional time in which to file response briefs.

■ With respect to MercExchange's "suggestion" that the court sanction eBay's conduct, although the court recognizes that it possesses the inherent authority to impose sanctions, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), the court cannot find that eBay's filings constitute "willful disobedience of a court order," or that eBay has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," a finding of which is required in order for the court to disregard the so-called American Rule of attorneys' fees. *Id.* at 45–46, 111 S.Ct. 2123. Further, the court declines to enter a protective order requiring eBay to seek this court's approval before filing more motions. Although the court has repeatedly admonished the parties about the nearly-constant stream of motions and letter-motions with which it has been inundated, it is the court's belief that the resolution of many of the pending

---

18. Although the motion is styled as one seeking leave to file a supplemental brief, eBay's argument focuses not on why leave to file

should be granted, but rather on the final issue of whether MercExchange's conduct requires a finding of invalidity.

motions—and the concomitant certification of the judgment under Rule 54(b)—will result in the parties reaching a certain level of equilibrium as the court proceeds to address MercExchange's motion for an accounting and the surrounding issues. Thus, MercExchange's motion to strike eBay's filings and its "suggestion" for sanctions must be denied.

### G. Motion for Clarification

eBay has moved for clarification that its litigation counsel is not violating the protective order entered in this case by its involvement in the '265 reexamination process. The motion is ostensibly based on eBay's confusion over a statement included in the court's order of July 27, 2007, in which the court indicated its expectation that trial counsel for both parties "will not have further questionable involvement with the PTO reexamination." *MercExchange, L.L.C. v. eBay, Inc.,* 500 F.Supp.2d 556, 591 (E.D.Va.2007). eBay requests that the court clarity its intent, and specifically argues that the court was in error if it intended to expand the scope of the protective order to prohibit all contact by eBay's trial counsel with the PTO. In opposition, MercExchange argues that eBay is merely seeking a license from this court, which it will then present to the PTO as evidence that its litigation counsel may continue involvement in the reexamination of the '265 patent.

Although the court understands eBay's desire to obtain approval for its counsel to participate in the reexamination process, the court also notes that the reexamination is the province of the PTO, not the court. Indeed, a set of regulations governs the conduct of attorneys and the reexamina-

tion process, and the court has no desire to disturb the effect of those regulations. *See, e.g.,* 37 C.F.R. § 1.550 (2007).[19] Further, it appears that the PTO is perfectly capable of enforcing its own regulations. As MercExchange has indicated, the PTO recently consolidated eBay's numerous reexamination requests as to the '265 patent. Thus, it would be improper for the court to interfere in the reexamination process, and the court declines to do so. While the court did not expand the protective order via its order of July 27, 2007, the parties should not interpret the statement in question to mean anything other than what it said. The court was acknowledging that the parties were disputing the permissible involvement of trial counsel in the reexamination process and merely indicating that trial counsel must follow the regulations of the PTO vis-à-vis the '265 reexamination. Thus, eBay's motion for clarification must be denied.

### IV. Conclusion

For those reasons discussed above, the court **GRANTS** the plaintiff's motion to certify the judgment under Federal Rule of Civil Procedure 54(b). Accordingly, finding that judgment as to the validity of the '265 patent and its infringement by the defendants is final, and in light of the fact that no just reason for delay exists, the court **ORDERS** that judgment be entered on the verdict with respect to the '265 patent, with appropriate prejudgment and postjudgment interest as set forth previously by this court. *MercExchange, L.L.C. v. eBay, Inc.,* 275 F.Supp.2d 695, 722 (E.D.Va.2003).

Furthermore, the court **DENIES** the defendants' motion for a bond, motion for

---

**19.** Although the court is certainly aware of some of the PTO's regulations concerning the *ex parte* reexamination process, it may not be fully apprised of all of the requirements that reexamination requesters must follow. Accordingly, it is best left to the PTO to enforce its own regulations.

leave to file a supplemental answer, motion for JMOL or a new trial, and motions for leave to file supplemental memoranda. The court also **DENIES** the plaintiff's motion to strike and suggestion for sanctions against the defendants. Finally, the court **DENIES** the defendants' motion for clarification.

The Clerk is **REQUESTED** to send copies of this Order to counsel of record.

**IT IS SO ORDERED.**